STEPHEN M. HARBER, STATE BAR #119830
AMY A. EVENSTAD, STATE BAR #305828
McCUNE & HARBER, LLP
515 South Figueroa Street, Suite 1100
Los Angeles, California 90071
Telephone: (213) 689-2500
Facsimile: (213) 689-2501
sharber@mccuneharber.com and aevenstad@mccuneharber.com

Attorneys for Defendant, THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| JACKLINE MUTHOKA, <br><br>Plaintiff, <br><br>v. <br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, <br><br>Defendant. | Case No: 8:23-CV-01333 FWS (JDEX)<br>Assigned to Hon. Judge Fred W. Slaughter<br>(Complaint filed on July 24, 2023)<br><br>**JOINT RULE 26 REPORT**<br><br>Trial Date: |

TO THE HONORABLE COURT:

Plaintiff JACKLINE MUTHOKA and Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA ("Defendant" or the "University") submit this Joint Report pursuant to Federal Rule of Civil Procedure 26(f) and Central District Local Rule 26-1 on behalf of all parties.

Pursuant to Federal Rule of Civil Procedure 26(f), and the Court's Order Setting Rule 26(f) Scheduling Conference [ECF Dkt. No. 24], counsel for the parties have met and conferred and state the following:

a. **Statement of the Case**

A. **Plaintiff:** Plaintiff contends that she was subjected to discrimination in obtaining her Medical Doctorate from University of California - Irvine based on race and national origin in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.* and based on disability in violation of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132. Plaintiff also alleges retaliation pursuant to Title V of the ADA along with other state law violations.

B. **Defendant:**

Defendant has not yet filed its answer with its affirmative defenses. However, Defendant denies, generally and specifically, that it is liable to plaintiff for any reason.

b. **Subject Matter Jurisdiction**

Subject matter jurisdiction is predicated upon 28 U.S. 1331 and is based on federal question jurisdiction. Plaintiff's First Amended Complaint [ECF Dkt. No. 25] alleges (1) Violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, et seq.; (2) Violation of Title II of the ADA, 42 U.S.C. § 12132, et seq.; (3) Violation of Title V of the ADA, 42 U.S.C. § 12203; and (4) Violation of Section 66270 of the Education Code.

c. **Legal Issues**

A. **Plaintiff:** Plaintiff is generally in agreement with Defendant's recitation of the issues.

B. **Defendant:**

This case presents the following legal issues:

(1)   Whether plaintiff was subjected to race and/or national origin discrimination;

(2)   Whether plaintiff was subjected to a hostile environment due to discrimination;

(3)   Whether plaintiff was not provided disability accommodations from the University;

(4) Whether the University failed to reasonably accommodate plaintiff's alleged disabilities after having notice of the same;

(5) Whether plaintiff engaged in protected activity and was retaliated against for doing so;

(6) Whether plaintiff's claims are barred by the applicable statute of limitations;

(7) Whether there are sufficient facts to support a finding of deliberate indifference;

(8) If plaintiff is entitled to monetary damages and the standard for recovery of damages;

(9) If plaintiff has suffered damages and if so, the extent thereof; and

(10) If the conduct of third parties was a contributing factor to plaintiff's alleged damages.

**d.  Damages**

Defendant contends that no damages are provable. Plaintiff contends that her education was significantly delayed by the actions of the Defendant, causing her lost wages in excess of $1,000,000 in addition to significant emotional distress and other general damages.

**e.  Parties and Evidence**

**A.  Plaintiff:** Plaintiff is the only party on her side has voluminous communications in her possession to support her claims along with a substantial amount of witnesses including Dr. Forthal, Ms. Henderson and other employees of Defendant.

**B.  Defendant:**

There are no subsidiaries, parents, or affiliates of Defendant. The allegations involve University of California, Irvine ("UCI").

Potential witnesses are Dr. Khanh-Van Le-Bucklin; Dr Megan Osborn; Dr. Shannon Toohey; Adrian Frias on behalf of the Promotions and Honors Committee; Dr.

Don Forthal; Ursula Worsham; Dr. Julianne Toohey (retired); employees of UCI's Disability Services Center, including Rosezetta Henderson and Karen Andrews; Jill Hansen at the Registrar's Offiece, Dr. Warren Wiechmann; OEOD employees Tierney Anderson and Cris Buckley;  and other individuals identified in plaintiff's Second Amended Complaint, as well as potential witnesses from the National Board of Medical Examiners ("NBME").

Key documents include the documents and filings in plaintiff's lawsuit against the National Board of Medical Examiners, Central District Court Case No. Case 8:20-cv-01072-JLS-KES; e-mails and documents exchanged between plaintiff and UCI, including the Disability Services Center, Promotion and Honors Committee, Registrar, and others involved in plaintiff's coursework; e-mails and documents exchanged with NBME; and plaintiff's medical records, including evaluations, regarding her disability(ies).

**f.     Insurance**

The Regents of the University of California is self-insured pursuant to authority either granted to it or derived from Article IX, section 9 of the Constitution of the State of California. There is no reservation of rights asserted at this time.

**g.     Manual for Complex Litigation**

The parties do not believe that any or part of the procedures of the Manual for Complex Litigation should be utilized.

**h.     Motions**

Defendant may file a motion for full or partial summary judgment. Defendant anticipates filing motions *in limine* in advance of trial where the evidence and/or law warrants such motion(s).

**i.     Dispositive Motions**

Defendant may file a dispositive motion for full or partial summary judgment after the completion of discovery, pursuant to Federal Rule of Civil Procedure 56, on one or more of the following possible grounds: (1) plaintiff's causes of action have no merit based on the undisputed facts; (2) plaintiff's claim(s) is barred by the statute of limitations; (3)

there is no deliberate indifference; (4) plaintiff is not entitled to recover monetary damages; and/or any other ground based on the undisputed facts that may develop.

**j.   Status of Discovery**

The parties have not yet exchanged discovery. The parties do not anticipate discovery disputes.

**k.   Discovery Plan**

(1)   The parties do not believe that any changes should be made in the timing, form, or requirement for disclosures under Federal Rule of Civil Procedure 26(a).

(2)   The parties believe that they will need to conduct discovery on the following general topics. However, in submitting this list, the parties do not intend to waive the right to object to discovery on any of these topics for any reason, including relevancy. The list below is based upon information currently available to the parties, and is therefore intended to be inclusive, but not exhaustive:

**A.   Plaintiff:** Plaintiff will propound written discovery and then determine what depositions are necessary thereafter. Plaintiff will generally conduct discovery regarding liability.

**B.   Defendant:**

Defendant anticipates conducting written discovery on liability and causation as well as the nature of plaintiff's alleged damages. Defendant will conduct discovery about plaintiff's employment, if any, in the medical field before and after graduation from the University. Defendant will also seek plaintiff's medical records relating to her alleged disability(ies) before, during, and after her attendance at the University, and accommodations requested and received from other entities. Defendant will seek all communications that plaintiff believes reflect race and/or national origin discrimination, as well as disability discrimination, a failure to accommodate, or retaliation. Defendant anticipates taking the deposition of plaintiff, and potentially any other third parties that may have knowledge of plaintiff's claims, such as a potential representative from the National Board of Medical Examiners. Defendant may request a deposition of plaintiff's

past or current employer, if applicable. Defendant may seek a mental/cognitive examination under FRCP 35 to assess plaintiff's disability claims and allegations of ongoing emotional distress.

(3) The parties do not believe discovery should be conducted in phases in this matter or otherwise limited.

(4) The parties do not request any changes to the limitations on discovery under the federal or local rules, or any other Court orders.

**l.  Discovery Cut-off**

The parties propose June 18, 2024 as the fact witness discovery cut-off.

**m.  Expert Discovery**

The parties propose July 2, 2024 as the initial expert witness disclosure date and July 16, 2024, as the rebuttal witness disclosure date.

The parties propose an expert discovery cut-off date of July 30, 2024.

**n.  Settlement and Settlement Mechanism**

Plaintiff has not transmitted a settlement demand to Defendant. Defendant is agreeable to an ADR proceeding with a private mediator, the Magistrate Judge, or the Court's Mediation Panel.

**o.  Trial Estimate**

Defendant requests a jury trial. Defendant contemplates a 4-day trial and anticipates calling approximately 4-6 witnesses. Plaintiff contemplates a 5-6 day trial with jury selection and anticipates 3-4 witnesses.

**p.  Trial Counsel**

Defendant will be represented at trial by Stephen M. Harber, Esq. and Amy A. Evenstad, Esq. Plaintiff will be represented at trial by Jerry Girley, Esq. and Jay T. Jambeck, Esq.

**q.  Magistrate**

Defendant respectfully declines to have a Magistrate Judge over all proceedings at this time.

r.  **Independent Expert or Master**

The parties do not believe that a master or independent expert is required.

s.  **Schedule Worksheet**

The Schedule of Pretrial and Trial Dates Worksheet is attached hereto as **Exhibit A.**

t.  **Class Actions**

This is not a class action.

u.  **Other Issues**

There are no other issues at this time.

DATED:     February 1, 2024__          LEIGH LAW GROUP, P.C.

                                       By: */s/ Jay T. Jambeck*
                                           JAY T. JAMBECK, ESQ.
                                           MANDY G. LEIGH, ESQ.
                                           DAMIEN TROUTMAN, ESQ.
                                       Attorneys for Plaintiff, JACKLINE MUTHOKA

DATED:     February 1, 2024_           McCUNE & HARBER, LLP

                                       By: _____
                                           STEPHEN M. HARBER, ESQ.
                                           AMY A. EVENSTAD, ESQ.
                                       Attorneys for Defendant, THE REGENTS OF THE UNIVERSITY OF CALIFORNIA