**NOTE: CHANGES MADE BY COURT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKLINE MUTHOKA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>　　　　Defendant. | Case No. 8:23-cv-01333-FWS-JDE<br><br>**ORDER RE FOURTH STIPULATION TO MODIFY SCHEDULING ORDER [48]** |

///

///

///

1  Having reviewed and considered Fourth Stipulation to Modify Scheduling
2  Order [48] ("Stipulation") and the information contained therein, the files and records
3  of the case, and for the good cause demonstrated in the Stipulation, in its discretion,
4  the court **ORDERS** the court's October 21, 2024, Second Stipulation to Modify
5  Scheduling Order [45] and December 12, 2024, Order on Third Stipulation to
6  Modify Scheduling Order [47] **MODIFIED** to read as follows (with changes
7  indicated by italics):[1]

| EVENT | DATE |
|---|---|
| Check one: [x] Jury Trial or [ ] Bench Trial **Tuesday at 8:00 a.m.** | **First Day: 9/23/2025** |
| Parties' Estimated Trial Length | **4 days** |
| Pretrial Conference & Hearing on Motions in Limine **[Thursday at 8:30 a.m.]** | **8/28/2025** |
| Last Date to Hear Motion to Amend Pleadings /Add Parties **[Thursday]** | **1/25/2024** |

---

[1] This Order is now the Operative Scheduling Order in this matter. Given the record, including the information in the Stipulation, the court's Order Setting Rule 26(f) Scheduling Conference and attached Worksheet (Dkt. 24), and the Parties' Joint 26(f) Report (Dkt. 35), the court is again disinclined to grant additional continuances of the trial date and accompanying dates, absent a strong showing. This strong showing, if any, shall comply with the applicable law, including Fed. R. Civ. P. 16(b)(4), *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (stating "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment," "the focus of the inquiry is upon the moving party's reasons for seeking modification," and "[i]f that party was not diligent, the inquiry should end"), and *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (stating "[t]he pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension," and "[i]f the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted") (citations and internal quotation marks omitted). The Parties should plan accordingly. Also, to the extent this Order does not encompass a request made in the Stipulation, the court, based on the state of the record, as applied to the applicable law, and within its discretion, has denied and/or modified that request. *See Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("The trial court possesses the inherent power to control its own docket and calendar.").

| | |
|---|---|
| Non-Expert Discovery Cut-Off | **12/20/2024** *excepting the NBME deposition which shall occur by 1/31/2025 |
| Expert Disclosure (Initial) | *4/9/2025* |
| Expert Disclosure (Rebuttal) | *5/7/2025* |
| Expert Discovery Cut-Off | *6/2/2025* |
| Last Date to **Hear** Motions **[Thursday]**<br>• Motion for Summary Judgment (due at least 6 weeks before hearing)<br>• All other motions (due at least 4 weeks before hearing)<br>• Opposition (due 2 weeks after Motion is filed)<br>• Reply (due 1 week after Opposition is filed) | 4/24/2025 |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>[ ]  1. Magistrate Judge (with Court approval)<br>[ ]  2. Court's Mediation Panel<br>[x]  3. Private Mediation | **2/20/2025** |
| **Trial Filings (first round)**<br>• Motions in Limine with Proposed Orders<br>• *Daubert* Motions with Proposed Orders[2]<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only)<br>• Affirmative Deposition Designation(s) | **7/10/2025** |
| **Trial Filings (second round)**<br>• Oppositions to Motions in Limine<br>• Oppositions to *Daubert* Motions[3] | **7/17/2025** |

---

[2] *Daubert* motions and oppositions to *Daubert* motions shall not exceed ten (10) pages in length.

[3] Pursuant to this court's order on pretrial and trial procedures, the parties shall not file replies to the motions in limine.  (*See* Dkt. 37 at 4 ("Unless the court determines

(Footnote Cont'd on Following Page)

| | |
|---|---|
| • Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Additional Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only)<br>• Objections and Counter Deposition Designation(s) | |
| • Objections to Counter Designation(s) and Counter-Counter Deposition Designation(s) | 7/24/2025 |

Dated:  February 7, 2025

_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE

CC: ADR

---

otherwise, counsel shall not file any replies.").)  In addition, unless the court determines otherwise, the parties shall not file replies to any *Daubert* motions.