Jonathan D. Miller (SBN 220848)
jonathan@nshmlaw.com
Alison M. Bernal (SBN 264629)
alison@nshmlaw.com
NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 West Mission Street, Suite 201
Santa Barbara, California 93101
Telephone: (805) 963-2345
Facsimile: (805) 284-9590

Attorney for Defendant, REGENTS OF THE UNIVERSITY OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| JACKLINE MUTHOKA,<br><br>    Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>    Defendant. | CASE NO.: 8:23-cv-01333-FWS-JDE<br>*Assigned to the Hon. Fred W. Slaughter*<br><br>**DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>[*Filed Concurrently with Notice of Motion, Memorandum of Points and Authorities, Declaration of Alison M. Bernal, Declaration of Dr. Megan Osborn, Declaration of Rosezetta Henderson, and [Proposed] Order*]<br><br>DATE:   APRIL 17, 2025<br>TIME:   10:00 A.M.<br>DEPT.:  10D<br><br>Compl. Filed:  July 23, 2023<br>SAC Filed:     Jan. 22, 2024<br>Trial Date:    Sept. 23, 2025 |

1

**DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**TO PLAINTIFF JACKLINE MUTHOKA AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Central District of California Local Rule 56-1, Defendant The Regents of the University of California ("Defendant" or "The Regents") hereby submits the following Separate Statement of Uncontroverted Facts and supporting evidence in support of its Motion for Summary Judgment, or, in the Alternative, Partial Summary Judgment.

## SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE

| | Defendant's Uncontroverted Facts | Supporting Evidence |
|---|---|---|
| 1. | UCI SOM admits 3.9% of applicants, with a median MCAT score of 516, and a median undergraduate GPA of 3.89 | Declaration of Dr. Megan Osborn ("Osborn Decl."), ¶ 3. |
| 2. | UCI SOM has established educational objectives applicable to all students. | Osborn Decl., ¶ 4. |
| 3. | UCI SOM requires students to achieve passing grades for all courses in the MD curriculum. | Osborn Decl., ¶ 4. |
| 4. | UCI SOM requires students to pass the United Stated Medical Licensing Exam ("USMLE") Step 1 and Step 2CK administered by the National Board of Medical Examiners ("NBME"). | Osborn Decl., ¶ 4. |
| 5. | UCI SOM requires students to pass the Clinical Performance Examination ("CPX"). | Osborn Decl., ¶ 4. |
| 6. | The failure to pass USMLE Step 1 or Step 2CK precludes graduation without exception. | Osborn Decl., ¶ 5. |

2

**DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | **Defendant's Uncontroverted Facts** | **Supporting Evidence** |
|---|---|---|
| 7. | Students have a maximum of six academic years to complete their MD. | Osborn Decl., ¶ 5. |
| 8. | Students are considered in "good standing" if they have no unremediated course or clerkship failure, timely completed Step 1 and Step 2CK, and are not under any formal disciplinary review by the Committee for Promotions & Honors ("P&H"). | Osborn Decl., ¶ 6. |
| 9. | Students may be referred to P&H for several reasons, including, (1) two clerkship failures, (2) failure to pass Step 1 within one year of the student's last day of their second year, (3) failure to pass Step 2CK by the deadlines in the UCI SOM Exam Administration and Procedures Policy, (4) two failed attempts at Step 1 or Step 2CK. | Osborn Decl., ¶ 7. |
| 10. | All students receive these policies upon matriculation at UCI SOM and they are accessible on the school's website. | Declaration of Alison M. Bernal ("Bernal Decl."), Ex. 3 (University of California, Irvine, School of Medicine Student Handbook, compiled January 27, 2017, and produced as part of "Exhibit A" in Plaintiff's initial document disclosure (bates numbers PL 00129-00316)); Osborn Decl., ¶ 8. |
| 11. | Plaintiff's MCAT scores and undergraduate GPA did not qualify her for admission to UCI SOM. | Bernal Decl., Ex. 2, ¶ 17 (Declaration of Jackline Muthoka in Support of Plaintiff's Application for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should |

3

**DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | **Defendant's Uncontroverted Facts** | **Supporting Evidence** |
|---|---|---|
| | | Not Issue, Case No. 8:20-CV-01072-JLS-KES); Ex. 4, at PL 02868 ( Plaintiff's Review of OEOD Draft Investigation Report and Evidence, dated December 8, 2020, and produced as "Exhibit K" in Plaintiff's initial document disclosure (bates numbers PL 02865-02891). |
| 12. | Plaintiff was admitted to UCI SOM through a conditional program offered to students who did not meet the standard metrics for medical school admission. | Bernal Decl., Ex. 2, ¶ 3; Bernal Decl., Ex. 4 at PL 02868; Osborn Decl., ¶ 9. |
| 13. | Plaintiff's grades and test scores still put her on the cusp of not getting into the school even after she was admitted to the conditional program, but a UCI SOM employee successfully lobbied for Plaintiff's admission. | Bernal Decl., Ex. 2, Pages 110-111; Osborn Decl., ¶ 10. |
| 14. | Plaintiff matriculated at UCI SOM in 2016. | Bernal Decl., Ex. 2, ¶ 4; Osborn Decl., ¶ 10. |
| 15. | Plaintiff met with a wellness officer at UCI SOM in February 2017. | Henderson Decl., ¶ 2. |
| 16. | Plaintiff requested the wellness officer send a form to UCI's Disability Services Center requesting testing accommodations for Plaintiff. | Henderson Decl., ¶ 2 |
| 17. | After the Disability Services Center received this form from Plaintiff in February 2017, the Disability Services | Henderson Decl., ¶ 3; Henderson Decl., Ex. 2. |

**DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | **Defendant's Uncontroverted Facts** | **Supporting Evidence** |
|---|---|---|
| | Center sent a letter to UCI SOM stating that Plaintiff was eligible to receive accommodations in the form of time and a half on all tests. | |
| 18. | After UCI SOM received the letter from the Disability Services Center stating Plaintiff was eligible for accommodations, Plaintiff received time and a half on all examinations at the medical-school level by UCI SOM (meaning those examinations that are not administered by third-party test providers). | Henderson Decl., ¶ 4; |
| 19. | Plaintiff passed her coursework in her first year and second year, with courses ending March 2018 prior to a seven-week study period culminating in taking the USMLE Step 1 exam. | Bernal Decl., Ex. 2, Pages 110-111; Osborn Decl., ¶ 14. |
| 20. | UCI SOM does not administer or control the USMLE Step and shelf examinations. | Osborn Decl., ¶ 11. |
| 21. | The NBME administers and controls the USMLE Step and shelf examinations. | Osborn Decl., ¶ 11; Henderson Decl., ¶ 6 |
| 22. | The NBME decides whether students receive testing accommodations on Step and shelf examinations. | Osborn Decl., ¶ 11. |
| 23. | The student is responsible for applying for accommodations with the NBME. | Osborn Decl., ¶ 11. |
| 24. | The University or Disability Services can communicate with NBME for | Henderson Decl., ¶ 6 |

5
**DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | **Defendant's Uncontroverted Facts** | **Supporting Evidence** |
|---|---|---|
| | general information but cannot discuss student specific requests. | |
| 25. | The NBME communicate with the student directly. | Henderson Decl., ¶ 6 |
| 26. | Plaintiff applied for accommodations with the NBME in 2017. | Henderson Decl., ¶¶ 7–8 |
| 27. | The NBME denied Plaintiff accommodations because "experiencing anxiety during a high stakes test is not evidence of a disability or a substantial limitation in a major life activity." | Henderson Decl., ¶ 8 |
| 28. | On May 7, 2018, Plaintiff took the USMLE Step 1 exam for the first time and failed. | Bernal Decl., Ex. 2, ¶ 9; Ex. 4, at PL 02888; Ex. 5, at PL 01700, 01745 (UCI SOM's investigative report regarding Plaintiff by Dr. Donald Forthal, dated September 30, 2019, and produced as "Exhibit B" in Plaintiff's initial document disclosure (bates numbers PL 01692-01745)); Osborn Decl., ¶ 15. |
| 29. | On July 12, 2018, Plaintiff took the Surgery shelf examination and failed. | Osborn Decl., ¶ 16. |
| 30. | From July 16, 2018, through November 4, 2018, Plaintiff was on administrative leave from UCI SOM because of her Step 1 failure, per school policy. | Osborn Decl., ¶ 17. |
| 31. | On October 30, 2018, Plaintiff took the USMLE Step 1 examination for a second time and failed again. | Bernal Decl., Ex. 2, ¶ 10; Ex. 4, at PL 02888; Ex. 5, at PL 01700, 01745; Osborn Decl., ¶ 18. |

6

**DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| **Defendant's Uncontroverted Facts** | **Supporting Evidence** |
|---|---|
| 32. From December 3, 2018, through December 6, 2020, Plaintiff was on administrative leave for her two Step 1 failures. | Bernal Decl., Ex. 5, at PL 01700; Osborn Decl., ¶ 19. |
| 33. In December 2018, after being placed on administrative leave a second time, the UCI housing office communicated to Plaintiff that she would need to re-enroll at UCI SOM to continue living in university housing. | Bernal Decl., Ex. 6, at PL 01751 (Plaintiff's response letter to Dr. Donald Forthal's investigative report, undated, and produced as part of "Exhibit C" in Plaintiff's initial document disclosure (bates numbers PL 01747-01763)); Osborn Decl., ¶ 20. |
| 34. On January 25, 2019, UCI re-sent Plaintiff the Notice of USMLE Policies. | Bernal Decl., Ex. 7, at PL 02784-02785 (Email from Dr. Megan Osborn to Plaintiff regarding United Stated Medical Licensing Exam ("USMLE") testing policies, dated January 24, 2019, and produced as part of "Exhibit G" in Plaintiff's initial document disclosure (bates numbers PL 02784-02785)); Osborn Decl., ¶ 21. |
| 35. UCI reiterated to Plaintiff that she needed to pass Step 1 by March 15, 2019, to avoid academic probation, or by March 15, 2020, to avoid dismissal. | Bernal Decl., Ex. 7, at PL 02784-02785; Osborn Decl., ¶ 21. |
| 36. Plaintiff did not take Step 1 by March 15, 2019. | Bernal Decl., Ex. 8, at PL 02445 (Plaintiff's Office of Equal Opportunity and Diversity complaint form, dated May 26, 2020, and produced as part of "Exhibit G" in Plaintiff's initial |

**DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | **Defendant's Uncontroverted Facts** | **Supporting Evidence** |
|---|---|---|
| | | document disclosure (bates numbers PL 02432-02452)); Osborn Decl., ¶ 22. |
| 37. | On March 21, 2019, UCI housing sent Plaintiff notice she needed to vacate by April 30, 2019. | Osborn Decl., ¶ 22. |
| 38. | Dr. Julianne Toohey of UCI SOM sent a letter to the housing office in support of Plaintiff, requesting an extension of the housing deadline. | Bernal Decl., Ex. 9, at PL 01784 (Plaintiff's addendum to her letter to UCI SOM's Committee for Promotions & Honors, dated October 11th, 2019, and produced as part of "Exhibit G" in Plaintiff's initial document disclosure (bates numbers PL 01779-01789)); Osborn Decl., ¶ 23. |
| 39. | The UCI housing office approved the extension to March 31, 2019. | Osborn Decl., ¶ 23. |
| 40. | In May 2019, Plaintiff appealed her denial of accommodations to the NBME, seeking: 50% additional testing time, a separate room, and additional break time. | Bernal Decl., Ex. 4, at PL 02888; Osborn Decl., ¶ 24. |
| 41. | The NBME provided Plaintiff with a separate room and additional break time, but did not agree to the additional testing time. | Bernal Decl., Ex. 4, at PL 02888; Osborn Decl., ¶ 24. |
| 42. | On July 12, 2019, UCI SOM notified Plaintiff that, because she had not retaken the surgery shelf exam within one year of the deadline, her grade would be changed from "incomplete" to "fail." | Bernal Decl., Ex. 5, at PL 01695, 01700, 01745; Osborn Decl., ¶ 25. |

**DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

NYE, STIRLING, HALE, MILLER & SWEET
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

| | **Defendant's Uncontroverted Facts** | **Supporting Evidence** |
|---|---|---|
| 43. | Due to Plaintiff's academic probation and failure to pass her surgery clerkship, Plaintiff received notice on September 30, 2019, that she would need to appear at a hearing before the P&H Committee. | Bernal Decl., Ex. 5, at PL 01692; Osborn Decl., ¶ 26. |
| 44. | While waiting for her P&H hearing date, Plaintiff requested an extension to complete her pediatric clerkship, which the University granted. | Osborn Decl., ¶ 26. |
| 45. | The Disability Services Center supported Plaintiff by helping her write an appeal of the NBME's denial of her accommodations in 2019. | Henderson Decl., ¶ 10. |
| 46. | Plaintiff's P&H hearing was held on March 9, 2020. | Bernal Decl., Ex. 10, at PL 01764-01765 (UCI SOM's Promotions and Honors Hearing Decision regarding Plaintiff by Dr. Donald Forthal, dated March 16, 2020, and produced as part of "Exhibit C" in Plaintiff's initial document disclosure (bates numbers PL 01764-01765)); Osborn Decl., ¶ 27. |
| 47. | Plaintiff was eligible for dismissal due to her failure to pass the USMLE Step 1 within two years. | Osborn Decl., ¶ 27. |
| 48. | P&H committee offered Plaintiff an additional chance by placing her on academic probation, giving her a | Osborn Decl., ¶ 27. |

9

**DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | **Defendant's Uncontroverted Facts** | **Supporting Evidence** |
|---|---|---|
| | deadline to take the USMLE Step 1 by May 3, 2020, granting an extension on her surgery shelf exam to March 9, 2021 (with a grade change from fail to incomplete), and a deadline to complete her pediatrics rotation by November 20, 2020. | |
| 49. | In June 2020, Plaintiff sued the NBME for disability discrimination. | Osborn Decl., ¶ 28. |
| 50. | Plaintiff sought an injunction requiring the NBME to allow her 50% additional time on the Step 1 examination. | Osborn Decl., ¶ 28. |
| 51. | The NBME resolved the lawsuit by allowing Plaintiff the additional testing time. | Osborn Decl., ¶ 28. |
| 52. | Plaintiff took Step 1 on October 12, 2020, and passed on this third attempt. | Bernal Decl., Ex. 4, at PL 02889; Osborn Decl., ¶ 29. |
| 53. | After passing Step 1, Plaintiff resumed her clerkships and completed her pediatrics clerkship on December 27, 2020. | Osborn Decl., ¶ 30. |
| 54. | Plaintiff did not pass the pediatrics shelf examination, placing her back on administrative leave for two incomplete clerkships (surgery and pediatrics). | Osborn Decl., ¶ 30. |
| 55. | Plaintiff was on administrative leave from January 26, 2021, through March 21, 2021. | Osborn Decl., ¶ 30. |
| 56. | Plaintiff requested an extension to complete the pediatric and surgery clerkship, which the P&H committee approved through March 9, 2021. | Osborn Decl., ¶ 31. |

**DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | **Defendant's Uncontroverted Facts** | **Supporting Evidence** |
|---|---|---|
| 57. | On March 4, 2021, Plaintiff requested a further extension, which the committee approved through March 12, 2021, while also reminding Plaintiff of the six-year deadline for curriculum completion. | Osborn Decl., ¶ 31. |
| 58. | On March 8, 2021, Plaintiff requested another extension on the surgery shelf exam, saying she was not prepared. | Osborn Decl., ¶ 31. |
| 59. | The P&H Committee denied the request. | Osborn Decl., ¶ 31. |
| 60. | Plaintiff did not take the surgery shelf by the deadline and took it instead on March 19, 2021. | Osborn Decl., ¶ 32. |
| 61. | Plaintiff failed the surgery shelf a second time, resulting in a final failing grade in the surgery rotation. | Bernal Decl., Ex. 11, at PL 03131 (Email between Plaintiff and Dr. Shannon Toohey, dated September 20, 2021, and produced as part of "Exhibit U" in Plaintiff's initial document disclosure (bates numbers PL 03128-03131)); Osborn Decl., ¶ 32. |
| 62. | On March 30, 2021, Plaintiff requested an extension on her six-year graduation timeline. | Bernal Decl., Ex. 11, at PL 03130; Osborn Decl., ¶ 33. |
| 63. | The P&H Committee agreed to adjust Plaintiff's six-year timeline due to the COVID-19 pandemic. | Bernal Decl., Ex. 11, at PL 03129-03130; Osborn Decl., ¶ 33. |
| 64. | On June 1, 2021, Plaintiff received notice she did not pass her internal medicine NBME shelf examination. | Osborn Decl., ¶ 34. |

| | **Defendant's Uncontroverted Facts** | **Supporting Evidence** |
|---|---|---|
| 65. | On July 19, 2021, Plaintiff received notice she did not pass neurology NBME shelf examination, and that she was placed on administrative leave for two incomplete clerkships. | Osborn Decl., ¶ 35. |
| 66. | Plaintiff retook both exams and passed the second time, with her administrative leave ending on September 27, 2021. | Osborn Decl., ¶ 35. |
| 67. | On January 31, 2022, Plaintiff requested an extension through December 1, 2022, for her Step 2 examination. | Osborn Decl., ¶ 36. |
| 68. | The P&H Committee reminded Plaintiff of her modified 6-year deadline and stated that she had to complete her Step 2 by November 6, 2022. | Osborn Decl., ¶ 36. |
| 69. | Plaintiff's technical six-year deadline by which she was required to graduate was May 22, 2022. | Bernal Decl., Ex. 12, at PL 03137-03140 (Email between Plaintiff and Dr. Shannon Toohey, dated July 26, 2022, and produced as part of "Exhibit U" in Plaintiff's initial document disclosure (bates numbers PL 03137-03140); Osborn Decl., ¶ 37. |
| 70. | Plaintiff did not complete her coursework and was eligible for dismissal at this point. | Bernal Decl., Ex. 12, at PL 03137-03140; Osborn Decl., ¶ 37. |
| 71. | UCI SOM did not dismiss Plaintiff. | Bernal Decl., Ex. 12, at PL 03137-03140; Osborn Decl., ¶ 37. |

**DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | **Defendant's Uncontroverted Facts** | **Supporting Evidence** |
|---|---|---|
| 72. | Instead of dismissing Plaintiff, the Committee provided Plaintiff a six-month extension to December 18, 2022. | Bernal Decl., Ex. 12, at PL 03137-03140; Osborn Decl., ¶ 37. |
| 73. | Plaintiff responded to the P&H Committee on October 13, 2022, stating she disagreed with this deadline and that she expected four additional months. | Osborn Decl., ¶ 38. |
| 74. | The Committee provided additional time to January 18, 2023. | Osborn Decl., ¶ 38. |
| 75. | Plaintiff took the Step 2CK examination on December 12, 2023, with the accommodations the NBME had to provide following Plaintiff's lawsuit, and she failed. | Osborn Decl., ¶ 39. |
| 76. | Plaintiff took the Step 2 CK exam for the second time on April 3, 2023, and passed. | Osborn Decl., ¶ 40. |
| 77. | Because Plaintiff retook the Step 2CK exam so close in time to graduation, she found out after others in the graduating class that she was eligible to graduate. | Osborn Decl., ¶ 41. |
| 78. | This resulted in Plaintiff having a handwritten graduation card versus other students, who had fulfilled the graduation requirements much earlier, having a typed graduation card. | Osborn Decl., ¶ 41. |
| 79. | Plaintiff graduated from UCI SOM in June 2023. | Osborn Decl., ¶ 42. |

13
**DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | **Defendant's Uncontroverted Facts** | **Supporting Evidence** |
|---|---|---|
| 80. | Plaintiff contends she was discriminated against on the basis of race on a disparate treatment theory. | Bernal Decl., Ex. 1 (Plaintiff's Responses to Interrogatories (Second Set) dated December 20, 2024 [hereinafter, "Plaintiff's Responses"]), No. 4. |
| 81. | She does not contend UCI SOM violated Title VI under a disparate impact theory. | Bernal Decl., Ex. 1, at Plaintiff's Responses, No. 3. |
| 82. | Plaintiff planned an international ultrasound trip to Kenya for the summer of 2017. | Osborn Decl., ¶ 12; Bernal Decl., Ex. 1, at Plaintiff's Responses, No. 15. |
| 83. | UCI SOM notified Plaintiff that UCI SOM could not sponsor the trip because Kenya was subject to a travel advisory issued by the United States Department of State. | Bernal Decl., Ex. 6, at PL 01761; Osborn Decl., ¶ 12. |
| 84. | UCI SOM has never sponsored an international trip to a location with an active travel advisory because of safety and liability concerns. | Osborn Decl., ¶ 12. |
| 85. | Plaintiff contends that UCI SOM's refusal to sponsor the Kenya trip constituted racial discrimination, as non-black students were allowed to take sponsored international trips. | Osborn Decl., ¶ 13. |
| 86. | The other trips were not to countries subject to a travel advisory. | Osborn Decl., ¶¶ 12–13. |
| 87. | Plaintiff filed a complaint with UCI's Office of Equal Opportunity and Diversity ("OEOD") in May 2020. | Bernal Decl., Ex. 8. |
| 88. | The complaint identified two purportedly racially discriminatory events: UCI SOM not sponsoring Plaintiff's trip to Kenya in 2016-2017 | Bernal Decl., Ex. 8, at PL 02436-2440. |

14
**DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | Defendant's Uncontroverted Facts | Supporting Evidence |
|---|---|---|
| | and Dr. Julianne Toohey purportedly telling Plaintiff in April 2019 that she should go back to her country. | |
| 89. | The OEOD office interviewed 27 witnesses before issuing its findings on January 25, 2021. | Bernal Decl., Ex 13 at Regents 000279 through 332 |
| 90. | Plaintiff responded to interrogatories in this litigation by listing each discrete incident which she alleges constituted racial discrimination, as follows: ** note for ease of reading, the following table containing Plaintiff's response is reproduced below this table, and constitutes part of DF 90.** | Bernal Decl., Ex. 1, Plaintiff's Responses, No. 5. |

DF 90: Table from Plaintiff's Interrogatory Responses:

| Alleged Discriminatory Act | Dates |
|---|---|
| Dr. Toohey stated that my natural hair was "unprofessional" and that I needed to straighten it to be considered professional. | August 2016<br>September 2016<br>January-March 2017<br>March-July 2018 |
| The defendant through Dr. Toohey denied me funding and IRB support for my work in Kenya, but fully supported and funded a non-black, non-Kenyan Male medical student to conduct their research work in Kenya. | August/September 2016-July 2017<br>August/September 2018-July/August 2019 |
| Dr. Toohey assumed that Faith Njoku and I, the only two black students in a class of 104 medical students, were planning ultrasound trips to Kenya and Nigerian in 2018 because we both had Nigerian and Kenyan ancestry. She asked that we be excluded from meetings based on our race | September/October 2017 |

15
**DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| Alleged Discriminatory Act | Dates |
|---|---|
| and country of origin even though we were not participating in these events. | |
| They brought a lawyer to my P&H hearing while I was going to have family members present. The school had not brought lawyers to other nonblack medical students' hearing if they did not have their own lawyers present. This is also against school policy. | December 2019 |
| In an all Asian team during the internal medicine rotation, Dr. Nguyen made multiple racial comments about the team looking young because of "our good Asian genes" and continued to state that "I am also Asian" during a patient encounter. Dr. Nguyen later tried to prove to me that she is not racist because her sister/brother is married to a Kenyan and showed me photos during rounds. In addition, she asked me to change my mask (no one else in the team was asked to change their masks).<br><br>She was also asking me to evaluate her in the middle of the rotation (against policy), a situation that isolated and created a toxic learning environment for me, the only black student in the entire team. | March- June 2021 |
| I was severely punished for making a minor grammatical error while my colleague (Asian in an all Asian team) who copied and pasted patient's information into another patient's discharge summary was not punished. I was the only black student in the entire team. | March- June 2021 |
| Refused to interview the only black woman (Kelley Butler) who travelled to Kenya with me and instead only interviewed the two Asian medical students. The rest of the students had graduated despite providing him with the list of medical students who travelled to Kenya with me. | August 2020 - January 2021 |
| Created a toxic environment for me during my graduation by providing me with a handwritten yellow card during my graduation ceremony while everyone received a professionally typed white card. My graduation gown was | May 2023 |

NYE, STIRLING, HALE, MILLER & SWEET
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

| Alleged Discriminatory Act | Dates |
|---|---|
| also from 2022 while everyone received a 2023 graduation gown. | |
| Stated that "I should consider going back to my country" if it was difficult when I requested to keep my on-campus housing. | January, February, March, April 2019 |

NYE, STIRLING, HALE & MILLER, LLP

By: */s/ Alison M. Bernal*
    Jonathan D. Miller, Esq.
    Alison M. Bernal, Esq.
    Attorneys for Defendants, THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

17

**DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**