Jonathan D. Miller (SBN 220848)
jonathan@nshmlaw.com
Alison M. Bernal (SBN 264629)
alison@nshmlaw.com
NYE, STIRLING, HALE, MILLER
& SWEET, LLP
33 West Mission Street, Suite 201
Santa Barbara, California 93101
Telephone: (805) 963-2345
Facsimile: (805) 284-9590

Attorney for Defendant, THE REGENTS OF
THE UNIVERSITY OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| JACKLINE MUTHOKA,<br><br>       Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>       Defendant. | CASE NO.: 8:23-cv-01333-FWS-JDE<br>*Assigned to the Hon. Fred W. Slaughter*<br><br>**DECLARATION OF DR. MEGAN OSBORN, MD, MHPE**<br><br>[*Filed Concurrently with Notice of Motion, Separate Statement of Undisputed Material Facts, Appendix of Exhibits, and [Proposed] Order*]<br><br><br>Compl. Filed:   July 23, 2023<br>SAC Filed:    Jan. 22, 2024<br>Trial Date:     Sept. 23, 2025 |

NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

## DECLARATION OF DR. MEGAN OSBORN

I, Dr. Megan Osborn, hereby declare:

1.      I am the Senior Associate Dean of Students at the University of California, Irvine, School of Medicine ("UCI SOM"). The following facts are within my personal knowledge and, if called as a witness, I could and would competently testify to these facts. This declaration is made in support of the concurrently filed Motion for Summary Judgment, or In the Alternative, Partial Summary Judgment by Defendant The Regents of the University of California ("The Regents").

2.      In my role as Senior Associate Dean of Students, I was involved in many aspects of Plaintiff's tenure at UCI SOM. In that regard, I have reviewed Plaintiff Jackline Muthoka's academic timeline both when she was a student at UCI SOM and in preparation of this declaration. I have also reviewed and have knowledge of UCI SOM's policies and procedures. In the paragraphs below, I discuss the policies and procedures that were relevant to Plaintiff's tenure at UCI SOM. I also discuss Plaintiff's academic timeline while at UCI SOM.

3.      UCI SOM is a competitive school that admits 3.9% of applicants, with a median MCAT score of 516, and a median undergraduate GPA of 3.89.

4.      UCI SOM has established educational objectives applicable to all students. In particular, UCI SOM requires students to: (1) achieve passing grades for all courses in the MD curriculum, (2) pass the United Stated Medical Licensing Exam ("USMLE") Step 1 and Step 2CK exams administered by the National Board of Medical Examiners ("NBME"), and (3) pass the Clinical Performance Examination ("CPX"). These objectives, among many others, are set forth in the school's policies. These policies are very lengthy, and I have summarized the relevant portions in this declaration.

5.      Students have a maximum of six academic years to complete their medical degree, which includes passing the USMLE Step 1 and Step 2CK exams. Failing either exam precludes graduation, without exception.

6.    Students are considered in "good standing" and eligible to graduate if they have no unremediated course or clerkship failure, have timely completed the USMLE Step 1 and Step 2CK exams, and are not under any formal disciplinary review by the Committee for Promotions & Honors ("P&H Committee").

7.    Students may be referred to the P&H Committee for several reasons, including, (1) two clerkship failures, (2) failure to pass Step 1 within one year of the student's last day of their second year, (3) failure to pass Step 2CK by the deadlines in the UCI SOM Exam Administration and Procedures Policy, and (4) two failed attempts at Step 1 or Step 2CK.

8.    All students receive the policies regarding academic standards upon matriculation at UCI SOM. They are also readily accessible on the school's website.

9.    UCI SOM offered admittance to Plaintiff in the 2015-2016 academic year through a conditional program designed for students who did not meet the standard metrics for medical school admission.

10.    Plaintiff Jackline Muthoka's grades and test scores during the conditional program still put her on the cusp of not getting into UCI SOM, but Dr. Carol Major, Assistant Dean of Student Inclusive Excellence at UCI SOM, successfully lobbied for Plaintiff's admission. As a result, Plaintiff matriculated at UCI SOM in 2016.

11.    UCI SOM does not administer or control the USMLE Step and shelf examinations. The NBME administers and controls the USMLE Step and shelf examinations, including the decision as to whether students receive testing accommodations examinations. The student is responsible for applying for accommodations with the NBME, not UCI SOM.

12.    Plaintiff planned an international ultrasound trip to Kenya for the summer of 2017. UCI SOM notified Plaintiff that UCI SOM could not sponsor the trip because Kenya was subject to a travel advisory issued by the United States

NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

**DECLARATION OF DR. MEGAN OSBORN, MD, MHPE**

Docusign Envelope ID: 8979FE32-95D8-4F90-B0B3-332B8E045A6F

Department of State. UCI SOM has never sponsored an international trip to a location with an active travel advisory because of safety and liability concerns.

13.    Plaintiff contends that UCI SOM's refusal to sponsor the Kenya trip constituted racial discrimination, as non-black students were allowed to take sponsored international trips. However, I am not aware of UCI SOM ever sponsoring a trip to a country subject to a travel advisory.

14.    Plaintiff passed her coursework in her first year and second year, with courses ending March 2018 prior to a seven-week study period culminating in taking the USMLE Step 1 exam.

15.    On May 7, 2018, Plaintiff took the USMLE Step 1 exam for the first time and failed.

16.    On July 12, 2018, at the end of her surgery clerkship, Plaintiff took her surgery shelf exam for the first time and failed.

17.    From July 16, 2018, through November 4, 2018, Plaintiff was on administrative leave from UCI SOM because of her failure to pass the USMLE Step 1 exam, per school policy.

18.    On October 30, 2018, Plaintiff took the USMLE Step 1 exam for the second time and failed again.

19.    Following this second exam failure, Plaintiff was placed on administrative leave on December 3, 2018, and remained on leave until December 6, 2020.

20.    In December 2018, after being placed on administrative leave a second time, the UCI housing office communicated to Plaintiff that she would need to re-enroll at UCI SOM to continue living in university housing.

21.    On January 25, 2019, I re-sent Plaintiff the Notice of USMLE Policies, which effectively reiterated to Plaintiff that she needed to pass her USMLE Step 1 exam by March 15, 2019, to avoid academic probation, or by March 15, 2020, to avoid dismissal from UCI SOM.

NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

4

**DECLARATION OF DR. MEGAN OSBORN, MD, MHPE**

22.     Plaintiff ultimately did not retake the USMLE Step 1 exam by March 15, 2019. Consequently, on March 21, 2019, UCI housing office sent Plaintiff notice she needed to vacate by April 30, 2019.

23.     The late Dr. Julianne Toohey of UCI SOM sent a letter to the housing office in support of Plaintiff, requesting an extension of the housing deadline. The UCI housing office approved the extension to March 31, 2019.

24.     In May 2019, Plaintiff appealed her denial of accommodations to the NBME, seeking: 50% additional testing time, a separate room, and additional break time. The NBME provided Plaintiff with a separate room and additional break time, but did not agree to the additional testing time.

25.     On July 12, 2019, UCI SOM notified Plaintiff that, because she had not retaken the surgery shelf exam within one year of the deadline, her grade would be changed from "incomplete" to "fail."

26.     Due to Plaintiff's academic probation and failure to pass her surgery clerkship, Plaintiff received notice on September 30, 2019, that she would need to appear at a hearing before the P&H Committee. While waiting for her hearing date, Plaintiff requested an extension to complete her pediatric clerkship, which the University granted.

27.     Plaintiff's P&H Committee hearing was held on March 9, 2020. Although Plaintiff was eligible for dismissal at this juncture due to her failure to pass the USMLE Step 1 exam within two years, the P&H Committee offered her an additional chance by placing her on academic probation, (1) giving her a deadline of May 3, 2020, to take the USMLE Step 1 exam , (2) granting an extension to March 9, 2021 to pass her surgery shelf exam to (with a grade change from fail to incomplete), and (3) giving her a deadline of November 20, 2020, to complete her pediatrics rotation.

28.     In June 2020, Plaintiff sued the NBME for disability discrimination, seeking an injunction requiring the NBME to allow her 50% additional time on the

**DECLARATION OF DR. MEGAN OSBORN, MD, MHPE**

Docusign Envelope ID: 8979FE32-95D8-4F90-B0B3-332B8E045A6F

1  USMLE Step 1 exam. The NBME resolved the lawsuit by allowing Plaintiff the

2  additional testing time.

3     29.     Plaintiff took the USMLE Step 1 exam for the third time on October 12,

4  2020, and passed.

5     30.     After passing the USMLE Step 1 exam, Plaintiff resumed her clerkships.

6  She completed her pediatrics clerkship on December 27, 2020. However, she did not

7  pass the pediatrics shelf exam, placing her back on administrative leave for having two

8  incomplete clerkships (surgery and pediatrics). Plaintiff was on administrative leave

9  from January 26, 2021, through March 21, 2021.

10    31.     Plaintiff subsequently requested an extension to complete the pediatric

11 and surgery clerkships, which the P&H Committee approved through March 9, 2021.

12 On March 4, 2021, Plaintiff requested a further extension, which the P&H Committee

13 approved through March 12, 2021, while also reminding Plaintiff of the six-year

14 deadline for curriculum completion. On March 8, 2021, Plaintiff requested yet another

15 extension on the surgery shelf exam, saying she was not prepared. The P&H

16 Committee denied this third request.

17    32.     Plaintiff did not take the surgery shelf exam by the deadline and took it

18 instead on March 19, 2021. Plaintiff failed the surgery shelf exam a second time,

19 resulting in a final failing grade for her surgery rotation.

20    33.     On March 30, 2021, Plaintiff requested an extension on her six-year

21 graduation timeline. The P&H Committee agreed to adjust Plaintiff's six-year timeline

22 due to the COVID-19 pandemic.

23    34.     On June 1, 2021, Plaintiff received notice she did not pass her internal

24 medicine shelf exam.

25    35.     On July 19, 2021, Plaintiff received notice she did not pass her neurology

26 shelf exam. Once again, Plaintiff was placed on administrative leave for having two

27 incomplete clerkships. Plaintiff retook both shelf exams and passed the second time,

28 with her administrative leave ending on September 27, 2021.

NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

6

**DECLARATION OF DR. MEGAN OSBORN, MD, MHPE**

NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

36.     On January 31, 2022, Plaintiff requested an extension through December 1, 2022, for her Step 2 CK exam. The P&H Committee reminded Plaintiff of her modified 6-year deadline and stated that she had to complete her Step 2 CK exam by November 6, 2022.

37.     Plaintiff's technical six-year deadline by which she was required to graduate was May 22, 2022. Because Plaintiff did not complete her coursework, she was eligible for dismissal at this point. UCI SOM did not dismiss Plaintiff. Instead, the Committee provided Plaintiff a six-month extension to December 18, 2022.

38.     Plaintiff responded to the P&H Committee on October 13, 2022, stating she disagreed with the deadline and that she expected four additional months. The P&H Committee decided to provide additional time to January 18, 2023.

39.     Plaintiff took the Step 2 CK exam on December 12, 2022, with the accommodations the NBME had to provide following Plaintiff's lawsuit, and she failed.

40.     Plaintiff took the Step 2 CK exam for the second time on April 3, 2023, and passed.

41.     Because Plaintiff retook the Step 2CK exam so close in time to graduation, she found out after others in the graduating class that she was eligible to graduate. This resulted in Plaintiff having a handwritten graduation card versus other students, who had fulfilled the graduation requirements much earlier, having a typed graduation card.

42.     Plaintiff graduated from UCI SOM in June 2023.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 28th day of February, 2025.

Signed by:

5A441779741A4DA

Dr. Megan Osborn

7

**DECLARATION OF DR. MEGAN OSBORN, MD, MHPE**