Jonathan D. Miller (SBN 220848)
jonathan@nshmlaw.com
Alison M. Bernal (SBN 264629)
alison@nshmlaw.com
NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 West Mission Street, Suite 201
Santa Barbara, California 93101
Telephone: (805) 963-2345
Facsimile: (805) 284-9590

Attorney for Defendant, REGENTS OF THE UNIVERSITY OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| JACKLINE MUTHOKA,<br><br>    Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>    Defendant. | CASE NO.: 8:23-cv-01333-FWS-JDE<br>*Assigned to the Hon. Fred W. Slaughter*<br><br>**DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S RESPONSE TO PLAINTIFF'S NON-OPPOSITION TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>*[Filed concurrently with Defendant's Reply to Plaintiff's Opposition to Motion for Summary Judgment, or in the Alternative, Partial Summary Judgement; Response to Request for Judicial Notice; Objections to Plaintiff's Evidence; [Proposed] Order]*<br><br>DATE:  April 17, 2025<br>TIME:  10:00 A.M.<br>DEPT.:  10D<br><br>Compl. Filed:  July 23, 2023<br>SAC Filed:  Jan. 22, 2024<br>Trial Date:  Sept. 23, 2025 |

1

**DEFENDANT'S RESP. TO PLAINTIFF'S NON-OPPOSITION TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS**

Plaintiff Jackline Muthoka ("Plaintiff") failed to file a Statement of Genuine Disputes in response to Defendant The Regents of the University of California's ("Defendant") Statement of Uncontroverted Facts in Support of Motion for Summary Judgment (*see* Dkt. 52), as required by Central District of California Local Rule 56-2 and Judge Slaughter's Civil Standing Order at § IX.f.i. *See* C.D. Cal. L.R. 56-2 ("Any party who opposes a motion for summary judgment or partial summary judgment *must* serve and file with the opposing papers a separate 'Statement of Genuine Disputes' setting forth all material facts as to which it is contended there exists a genuine dispute necessary to be litigated.") (emphasis added). Nor did Plaintiff submit any objections to the evidence supporting Defendant's Motion for Summary Judgment. *See* Judge Slaughter's Civil Standing Order at § IX.f.iii (party disputing a fact should state ground for evidentiary objection in a separate statement of evidentiary objections).

First, due to Plaintiff's failure to file an opposing statement, the Court may consider Defendant's uncontroverted facts as undisputed and consider as true Defendant's Statement of Uncontroverted Facts.

> If a party fails to . . . properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it[.]

Fed. R. Civ. Proc. 56(e)(2)–(3). Similarly, Central District of California Local Rule 56-4 provides:

> [T]he Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the Statement of Genuine Disputes and (b) controverted by declaration or other written evidence filed in opposition to the motion. The Court is not obligated to look any further in the record for supporting evidence other than what is actually and specifically referenced in the Statement

of Uncontroverted Facts, the Statement of Genuine Disputes, and the Response to Statement of Genuine Disputes.

C.D. Cal. L.R. 56-4.

Where, as here, a party opposing a motion for summary judgment fails to file a separate statement of genuine issues as required by Central District Local Rule 56-2, the district court is permitted to consider the facts cited in Defendant's separate statement to be undisputed. *See, e.g.*, *Todd v. Wismar*, 301 Fed. Appx. 699, 701 (9th Cir. 2008) (affirming district court's summary judgment grant in favor of defendants where defendants' separate statement included detailed citations to admissible evidence and party opposing summary judgment "failed to file a separate statement of genuine issues as required by Central District Local Rule 56-2[,]" finding the district court was "correct in considering the facts cited in Defendants' Separate Statement to be undisputed. Based on these undisputed facts, the district court was correct in determining that there were no genuine issues of material fact and in granting summary judgment in favor of Defendants."); *Copeland v. Bank of Am. Servicing*, 2015 WL 13390030, at *2 (C.D. Cal. July 29, 2015) (finding party opposing summary judgment "admitted all facts set forth by Defendants in their Statement of Undisputed Facts" where "all of the evidence put forth by Defendants is undisputed because [non-moving party] failed to submit a Statement of Genuine Disputes of Material Fact with his Opposition as required by Local Rule 56–2."); *see also id.* at *3 ("At summary judgment, the Court considers only evidence, not argument . . . .").

Second, and similarly, Plaintiff also failed to raise any evidentiary objections to <u>any</u> of the evidence submitted in support of Defendant's Motion for Summary Judgment. This Court's Civil Standing Order provides that "[i]f a party disputes a fact based in whole or in part on an evidentiary objection, *the ground for the objection should be stated succinctly in a separate statement of evidentiary objections* in a two

column format," with citation to the Federal Rules of Evidence or, where applicable, a case citation, along with a proposed order. *See* Judge Slaughter's Civil Standing Order at § IX.f.iii (emphasis added). Here, Plaintiff submitted no separate statement of evidentiary objections and therefore waives any challenge to the admissibility of Defendant's evidence. *See, e.g.*, *Skillsky v. Lucky Stores, Inc.*, 893 F.2d 1088, 1094 (9th Cir. 1990) ("For purposes of summary judgment, the court had to consider the testimony, even if it was hearsay, because [the opposing party] failed to object," noting the "failure to object to allegedly defective evidence waives the objection for purposes of summary judgment[.]").

      Accordingly, as Defendant The Regents of the University of California has shown "there is no genuine dispute as to any material fact and [Defendant] is entitled to judgment as a matter of law," this Court should grant summary judgment in Defendant's favor.

Dated: April 3, 2025

NYE, STIRLING, HALE & MILLER, LLP

By: */s/ Alison M. Bernal*
Jonathan D. Miller, Esq.
Alison M. Bernal, Esq.
Attorneys for Defendants, THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

**DEFENDANT'S RESP. TO PLAINTIFF'S NON-OPPOSITION TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS**