Jonathan D. Miller (SBN 220848)
jonathan@nshmlaw.com
Alison M. Bernal (SBN 264629)
alison@nshmlaw.com
NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 West Mission Street, Suite 201
Santa Barbara, California 93101
Telephone: (805) 963-2345
Facsimile: (805) 284-9590

Attorney for Defendant, REGENTS OF THE UNIVERSITY OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| JACKLINE MUTHOKA,<br><br>    Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>    Defendant. | CASE NO.: 8:23-cv-01333-FWS-JDE<br>*Assigned to the Hon. Fred W. Slaughter*<br><br>**DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S RESPONSE TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**<br><br>*[Filed concurrently with Defendant's Reply to Plaintiff's Opposition to Motion for Summary Judgment, or in the Alternative, Partial Summary Judgement; Objections to Plaintiff's Evidence; Response to Plaintiff's Non-Opposition to Separate Statement]*<br><br>DATE:  April 24, 2025<br>TIME:  10:00 A.M.<br>DEPT.: 10D<br><br>Compl. Filed:  July 23, 2023<br>SAC Filed:     Jan. 22, 2024<br>Trial Date:    Sept. 23, 2025 |

The Regents of the University of California ("the Regents") respectfully responds to, and opposes, Plaintiff Jackline Muthoka ("Plaintiff")'s request for judicial notice (ECF 59) submitted in support of her opposition to the Regents' motion for summary judgment. The Regents' requests the Court deny judicial notice of the documents for several reasons.

First, the documents do not meet the requirements for judicial notice. Federal Rule of Civil procedure 201 allows the court to take judicial notice of "[o]fficial acts of the legislative, executive, and judicial departments of the United States," and "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy." The three documents identified in Plaintiff's request for judicial notice – an OCR case processing manual, an OCR appeal sheet, and a link to an internet archive – do not meet this requirement. None of these documents are official acts of the legislative, executive, or judicial departments.

Nor do the documents qualify under the second part – they are not facts capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy. Of the links in Plaintiff's request, only one takes you to the document for which judicial notice is sought (the OCR case processing manual). The other links take you to the general homepage for the Wayback Machine and to an OCR landing page for the complaint assessment system. Thus, one cannot easily verify the accuracy of the requested documents.

Second, the documents for which Plaintiff seeks judicial notice are being presented to argue facts in dispute. In such a case, judicial notice is improper. *Rollins v. Dignity Health,* 338 F. Supp. 3d 1025 (N.D. Cal. 2018); *see also, Walker v. Woodford,* 454 F. Supp. 2d 1007 (S.D. Cal. 2006), affirmed in part 393 Fed.Appx. 513, 2010 WL 3448559, certiorari denied 131 S.Ct. 1504, 562 U.S. 1233, 179 L.Ed.2d 330 (court may not take judicial notice of any matter that is in dispute). While Plaintiff

did not dispute any of The Regents' facts, it at least appears that this judicial notice is being used as an attempt to dispute those facts, though improper procedurally.

Finally, these documents have no bearing on the undisputed facts entitling the Regents to summary judgment. They do not tend to prove or disprove a disputed fact at issue. (FRE, Rule 401).

For these reasons, the Regents requests the Court denies Plaintiff's request for judicial notice.

Dated: April 3, 2025                    NYE, STIRLING, HALE & MILLER, LLP

By:  */s/ Alison M. Bernal*
Jonathan D. Miller, Esq.
Alison M. Bernal, Esq.
Attorneys for Defendants, THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

**DEFENDANT'S RESP. TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**