

Jonathan D. Miller (SBN 220848)
jonathan@nshmlaw.com
Alison M. Bernal (SBN 264629)
alison@nshmlaw.com
NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 West Mission Street, Suite 201
Santa Barbara, California  93101
Telephone: (805) 963-2345
Facsimile: (805) 284-9590

Attorney for Defendant, REGENTS OF THE
UNIVERSITY OF CALIFORNIA

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| JACKLINE MUTHOKA,<br><br>Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Defendant. | CASE NO.:  8:23-cv-01333-FWS-JDE<br>*Assigned to the Hon. Fred W. Slaughter*<br><br>**[PROPOSED] ORDER REGARDING DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S OBJECTIONS TO PLAINTIFF'S EVIDENCE**<br><br>DATE:       April 24, 2025<br>TIME:        10:00 A.M.<br>DEPT.:      10D<br><br>Compl. Filed:   July 23, 2023<br>SAC Filed:      Jan. 22, 2024<br>Trial Date:      Sept. 23, 2025 |

*[sidebar]* NYE, STIRLING, HALE, MILLER & SWEET
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

1

**[PROPOSED] ORDER RE DEFENDANT'S EVIDENTIARY OBJECTIONS**

This Court enters the following rulings on Defendant The Regents of the University of California's Objections to Plaintiff's Evidence submitted in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment.

| Evidence: | Objection(s): | Ruling: |
|---|---|---|
| Decl. of Jackline Muthoka, Dkt. No. 62 ("Muthoka Decl."), ¶ 2, lines 4–13:<br><br>"Dean Toohey created a hostile environment for Black medical students at UCI." | Lack of Foundation; Legal conclusion (F.R.E. 704); Improper Opinion Testimony by Lay Witness (F.R.E. 701, 702); Lack of Personal Knowledge (F.R.E. 602). | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 2, lines 5–10:<br><br>"She demonstrated an animus toward Black medical students in different ways. Sometimes, the bias against Black students manifested with vague, nondescript accusations of Black students being unprofessional. Other times it manifested in more tangible ways, such as criticizing Black student support activities or Dean Toohey refusing to support or find funding for research projects that Black students were spearheading." | Lack of Foundation; Improper Opinion Testimony by Lay Witness (F.R.E. 701, 702); Lack of Personal Knowledge (F.R.E. 602). | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 3, lines 13–14:<br><br>"In 2017, I was diagnosed with a testing anxiety disorder | Improper Opinion Testimony by Lay Witness (F.R.E. 701). | _____ SUSTAINED<br><br>_____ OVERRULED |

NYE, STIRLING, HALE, MILLER & SWEET
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

**[PROPOSED] ORDER RE DEFENDANT'S EVIDENTIARY OBJECTIONS**

NYE, STIRLING, HALE, MILLER & SWEET
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

| Evidence: | Objection(s): | Ruling: |
|---|---|---|
| which affected my ability to take high stakes tests." | | |
| Muthoka Decl., ¶ 5, lines 17–20:<br><br>"At all times relevant to this lawsuit, the University knew of my learning disability because I was granted, on paper, a reasonable accommodation by UCI in 2017. I was supposed to be provided with time and a half to take exams and a separate room for testing." | Lack of Personal Knowledge (F.R.E. 602). | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 7, lines 3–5:<br><br>"During my registration process and subsequent to it, Dr. Toohey repeatedly interfered with the process by misleading the DSC." | Lack of Foundation; Lack of Personal Knowledge (F.R.E. 602). | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 8, lines 17–20:<br><br>"It was told to me on various occasions that it was far better to have the University submit my documentation to NBME as it was more persuasive. Attached to an appendix filed herewith as Exhibit B is a true and correct copy of an email from UCI employee and psychiatrist Dr. Hurria." | Hearsay | _____ SUSTAINED<br><br>_____ OVERRULED |

3

**[PROPOSED] ORDER RE DEFENDANT'S EVIDENTIARY OBJECTIONS**

| Evidence: | Objection(s): | Ruling: |
|---|---|---|
| Muthoka Decl., ¶ 10, lines 5–6:<br><br>Dr. Toohey continued to label me as having "language issues" and progressed to associate my language issues to my country of origin." | Lack of personal knowledge, speculation (F.R.E. 602). | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 10, lines 6–10:<br><br>"She created confusion within the DSC and as a result I was denied screening services from DSC by both disability specialist Ms. Henderson and Dr. Serrantino that were needed when I applied for reasonable accommodations to the NBME." | Lack of personal knowledge, speculation (F.R.E. 602). | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 10, lines 12–13:<br><br>"For example, I was not evaluated or referred for psychoeducational evaluation until two years later (2019) because of Dr. Toohey's "language issue" label and the misdirection she caused within the DSC." | Lack of personal knowledge, speculation (F.R.E. 602) (as to "because of Dr. Toohey's . . . within the DSC") | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 13, pg. 4, line 24–pg. 5, line 3:<br><br>"I returned to Ms. Henderson on February 13, 2018, to | Partially contradicted by Henderson Declaration, ¶ 7.<br><br>Hearsay. | _____ SUSTAINED<br><br>_____ OVERRULED |

NYE, STIRLING, HALE, MILLER & SWEET<br>33 WEST MISSION STREET, SUITE 201<br>SANTA BARBARA, CALIFORNIA 93101

4

**[PROPOSED] ORDER RE DEFENDANT'S EVIDENTIARY OBJECTIONS**

| Evidence: | Objection(s): | Ruling: |
|---|---|---|
| further discuss what documents she was referring to. During the discussion, there was no mention of what documentation she needed, but Ms. Henderson stated that she would contact NBME and advise me on the next steps." | | |
| Muthoka Decl., ¶ 16, lines 15–8:<br><br>"As late as June 21, 2018, Dr. Toohey was still referring to my "language issue" as the reason for NBME's denial of my accommodations in the email where she misrepresented that she had spoken extensively with NBME." | Objection as to "misrepresented", as not supported by any evidence, hearsay, argumentative. | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 17, pg. 5, line 20–pg. 6, line 5:<br><br>"Dr. Toohey critically interfered with my surgery rotation (a notoriously difficult rotation with students working about 80 hours a week and studying for their end of rotation exam after 12 hour shifts every day). For example, Dr. Toohey repeatedly emailed me to meet with her, requiring multiple meetings that significantly detracted me from my surgery rotation studies for the shelf examination and preparation | Lack of personal knowledge, speculation (F.R.E. 602), hearsay. | _____ SUSTAINED<br><br>_____ OVERRULED |

NYE, STIRLING, HALE, MILLER & SWEET<br>33 WEST MISSION STREET, SUITE 201<br>SANTA BARBARA, CALIFORNIA 93101

**[PROPOSED] ORDER RE DEFENDANT'S EVIDENTIARY OBJECTIONS**

NYE, STIRLING, HALE, MILLER & SWEET
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

| Evidence: | Objection(s): | Ruling: |
|---|---|---|
| for retaking Step 1 of the USMLE. I was inundated with work for the surgery rotation and Dr. Toohey continued to insist that I had language issues – even requiring that I pay $5,225 for an unwarranted program to prepare for the Step 1, even though I kept pushing back on that issue." | | |
| Muthoka Decl., ¶ 18, lines 6–9:<br><br>"In large part as a result of Dr. Toohey's email stating the decision from NBME was final, I did not further press the accommodations issue at that time and took the USMLE Step 1 in October 2018 without accommodations and failed for a second time." | Hearsay as to the contents of the purported email. | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 18, lines 9–11:<br><br>"This failure had cascading results for me, it nearly led me to be dismissed from the program, caused me to lose my housing and had other significant impacts." | Lack of personal knowledge, speculation (F.R.E. 602). | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 18, lines 11–14:<br><br>"It also caused my academic record to be less competitive than my peers and denied me opportunities to more lucrative | Lack of personal knowledge, speculation (F.R.E. 602); improper expert opinion from lay witness. | _____ SUSTAINED<br><br>_____ OVERRULED |

**[PROPOSED] ORDER RE DEFENDANT'S EVIDENTIARY OBJECTIONS**

NYE, STIRLING, HALE, MILLER & SWEET
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

| Evidence: | Objection(s): | Ruling: |
|---|---|---|
| areas of medical practice like Anesthesiology." | | |
| Muthoka Decl., ¶ 20, lines 20–24:<br><br>"In late 2018, I learned for the first time that I should have received and submitted a psychological evaluation to NBME in order to have a good chance of obtaining an accommodation. No one at UCI had advised me of that previously even though I was told my application should go through UCI." | Contradicted by undisputed facts.<br><br>*See* Declaration of Rosezetta Henderson ("Henderson Decl.") ¶ 7 ("When I met with Plaintiff in late 2017, we discussed Plaintiff's preparation for initial submission to the NBME requesting accommodations. I reviewed Plaintiff's file and told Plaintiff that what she had would not be enough for accommodations from the NBME because while the school can accept informal requests for accommodation, the NBME requires formal documentation, such as a neuropsychology or psycho-education evaluation. I explained this to Plaintiff and told her she would need more documentation of the need for her accommodations. . . ."").<br><br>Plaintiff did not object to or dispute this fact. | _____ SUSTAINED<br><br>_____ OVERRULED |

**[PROPOSED] ORDER RE DEFENDANT'S EVIDENTIARY OBJECTIONS**

NYE, STIRLING, HALE, MILLER & SWEET
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

| Evidence: | Objection(s): | Ruling: |
|---|---|---|
| Muthoka Decl., ¶ 21, pg. 6, line 25–pg. 7, line 4:<br><br>"In December 2018, Dr. Ashley Selva-Rodriguez, SOM learning specialist, was surprised that I didn't get a psychoeducational evaluation for NBME accommodations. She asked me how the DSC and the school determined how much extra time I needed to take my exams and what protocols they were following. I had no answers for her." | Hearsay. | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 21, pg. 7, lines 10–18:<br><br>"That is when I was first made aware that I needed a psychoeducational evaluation in order to receive accommodation from NBME. Previously, I was told my application was complete per email correspondence with Rosezetta Henderson, Senior Disability Specialist. By this time, I had two Step 1 exam failures and it had been over one year since I first submitted my NBME accommodation application. I had cross-checked with Ms. Henderson every time I had submitted my application to the NBME." | Objection. Contradicted by undisputed facts.<br><br>*See* Henderson Decl., ¶ 7, which Plaintiff did not object to nor dispute. | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 23, lines 7–9: | Lack of Foundation; Lack of Personal | _____ SUSTAINED |

**[PROPOSED] ORDER RE DEFENDANT'S EVIDENTIARY OBJECTIONS**

| Evidence: | Objection(s): | Ruling: |
|---|---|---|
| "This email indicates that Ms. Henderson knew I needed a psychoeducational evaluation, knew where she could send me for assessment, and had never brought this up for more than a year." | Knowledge (F.R.E. 602). | _____ OVERRULED |
| Muthoka Decl., ¶ 23, lines 14–18:<br><br>"However, Ms. Henderson's email is contradictory to school policy which says that DSC does offer initial disability screenings to students. In fact, the DSC never offered me such screening as a student at the university that would have shown that I have an additional learning disability." | Lack of Foundation; Assumes Facts Not in Evidence (initial screening is not the same as a comprehensive psychoeducational examination). | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 24, lines 19–21:<br><br>"After the assessment, I qualified for accommodation based on the results from the psychoeducational evaluation that confirmed that I have a Neurodevelopmental disability related to visual processing." | Misstates the record. The undisputed facts demonstrate Plaintiff qualified for accommodations with UCI SOM in February 2017 (DF 15-18). She did not qualify for accommodations with third party NBME until after she sued them in June 2020 (DF 50-51). | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 25, pg. 8, line 22–pg. 9, line 2: | Hearsay. | _____ SUSTAINED<br><br>_____ OVERRULED |

NYE, STIRLING, HALE, MILLER & SWEET
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

9

**[PROPOSED] ORDER RE DEFENDANT'S EVIDENTIARY OBJECTIONS**

NYE, STIRLING, HALE, MILLER & SWEET
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

| Evidence: | Objection(s): | Ruling: |
|---|---|---|
| "On January 19, 2019, Dr. Toohey told me to consider going back to Africa to study as I probably would not make it through medical school and US medical Residency. She said this to me several times, thereafter, including April of 2019 when my university housing was cancelled." | | |
| Muthoka Decl., ¶ 26, lines 3–5:<br><br>"The NBME ended up approving me with partial accommodation on 7/24/2019 but the process to request further accommodations was paused as the university had now placed me under investigation." | Lack of Foundation; Lack of Personal Knowledge (F.R.E. 602). | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 27, lines 19–22:<br><br>"In her prior email, Ms. Henderson misinformed me about my NBME accommodations status by implying she had spoken with NBME about my application and that NBME decision was that my application did not qualify as a disability." | Lack of personal knowledge, speculation (F.R.E. 602); Lack of foundation; hearsay. | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 35, line 21: | Lack of personal knowledge, speculation (F.R.E. 602); Lack of foundation. | _____ SUSTAINED<br><br>_____ OVERRULED |

10

**[PROPOSED] ORDER RE DEFENDANT'S EVIDENTIARY OBJECTIONS**

| Evidence: | Objection(s): | Ruling: |
|---|---|---|
| "No decision has been received from OCR on the appeal to date." | | |
| Muthoka Decl., ¶ 37, lines 1–4:<br><br>"On April 9, 2023, while I was taking the first day of the two-day Step 2CK, I received an intimidating email from Dr. Wiechmann. A true and correct copy of the email is attached to an appendix filed herewith as Exhibit S." | Objection as to "intimidating" as argumentative. | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 37, lines 4–6:<br><br>"This email caused me additional stress and anxiety and I received a lower score on the test than I had been receiving in my practice examinations for the Step 2CK." | Lack of personal knowledge, speculation (F.R.E. 602); Lack of foundation. | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 37, lines 6–8:<br><br>"This lower score impacted on which residency programs I was competitive at and thus affected me economically." | Improper Opinion Testimony by Lay Witness (F.R.E. 701); Lack of Personal Knowledge. (F.R.E. 602); Lack of Foundation | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 38, lines 9–10:<br><br>"I suffered economic damages as a result of the delays in my schooling, the Step 1 test | Improper Opinion Testimony by Lay Witness (F.R.E. 701); Lack of Personal Knowledge. (F.R.E. | _____ SUSTAINED<br><br>_____ OVERRULED |

NYE, STIRLING, HALE, MILLER & SWEET<br>33 WEST MISSION STREET, SUITE 201<br>SANTA BARBARA, CALIFORNIA 93101

11

**[PROPOSED] ORDER RE DEFENDANT'S EVIDENTIARY OBJECTIONS**

NYE, STIRLING, HALE, MILLER & SWEET
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

| Evidence: | Objection(s): | Ruling: |
|---|---|---|
| failures and the lowered score on the Step 2CK." | 602); Lack of Foundation | |
| Muthoka Decl., ¶ 38, lines 12–15:<br><br>"I have lost earning ability as a result. I also had to pay money out of pocket as a result of the discriminatory treatment, including $5225 for a program that I did not require. I also had to pay rent to live to attend the program." | Improper Opinion Testimony by Lay Witness (F.R.E. 701); Lack of Personal Knowledge. (F.R.E. 602); Lack of Foundation | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 42, pg. 11, line 23–pg. 12, line 1:<br><br>"Defendant refused to recalculate my time to take the Step 2CK and I was forced to take it early with no dedicated study time after my classes ended as other students had the opportunity to do. As a result, I was put in unequal circumstances and failed the Step 2 CK." | Improper Opinion Testimony by Lay Witness (F.R.E. 701); Lack of Personal Knowledge (F.R.E. 602); Lack of Foundation | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 44, lines 4–6:<br><br>"I completed a postbaccalaureate program and Conditional program (in addition to my Bachelor's degree) at UCI and achieved a more than the average GPA for my 2016 class." | Improper Opinion Testimony by Lay Witness (F.R.E. 701); Lack of Personal Knowledge (F.R.E. 602); Lack of Foundation | _____ SUSTAINED<br><br>_____ OVERRULED |

**[PROPOSED] ORDER RE DEFENDANT'S EVIDENTIARY OBJECTIONS**

NYE, STIRLING, HALE, MILLER & SWEET
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

| Evidence: | Objection(s): | Ruling: |
|---|---|---|
| Muthoka Decl., ¶ 44, lines 6–9:<br><br>"Additionally, my MCAT scores were not reflective of my abilities as I was not provided reasonable accommodations and was not tested despite being at UCI for both programs and informing the school." | Improper Opinion Testimony by Lay Witness (F.R.E. 701); Lack of Personal Knowledge (F.R.E. 602); Lack of Foundation | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 46, lines 13–15:<br><br>"UCI administers, proctors and facilitates the entire process for NBME shelf exams. NBME is the test sponsor. NBME administers, proctors and facilitates the USMLE step examinations." | Lack of personal knowledge, speculation (F.R.E. 602); Lack of foundation. | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 47, lines 16–18:<br><br>"There are no records of me requesting reasonable accommodations to the NBME for Shelf exams. Reasonable accommodations are requested to the NBME for USMLE step exams only." | Lack of personal knowledge, speculation (F.R.E. 602); Lack of foundation. | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 49, pg. 12, line 24–pg. 13, line 1:<br><br>"Dr. Toohey sent a letter that included untrue, misleading and discriminatory statements to the housing leadership *after* | Lack of personal knowledge, speculation (F.R.E. 602); Lack of foundation. | _____ SUSTAINED<br><br>_____ OVERRULED |

**[PROPOSED] ORDER RE DEFENDANT'S EVIDENTIARY OBJECTIONS**

NYE, STIRLING, HALE, MILLER & SWEET
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

| Evidence: | Objection(s): | Ruling: |
|---|---|---|
| the housing department had made a final decision to vacate me." | | |
| Muthoka Decl., ¶ 51, lines 7–8:<br><br>"For Surgery clerkship, Per school handbook policy, I had made arrangements with Course Director Dr. Elefenbein and the associate Dean of Student affairs, Dr. Julianne Toohey to re-take the Surgery shelf exam after Step 1 exam, but these two leaders did not communicate with Curricular Affairs office." | Lack of Personal Knowledge. (F.R.E. 602) (as to "but these two leaders did not communicate with Curricular Affairs office."); hearsay. | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 52, lines 9–10:<br><br>"I was not on academic probation at the time of the notice. The notice was provided late and after I requested it from the Ombudsman's office." | Lack of Personal Knowledge (F.R.E. 602); Lack of Foundation, as to the timeliness of the notice. | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 53, lines 11–12:<br><br>"I did not pass my pediatric and Surgery shelf exams because of the stress created by UCI." | Improper Opinion Testimony by Lay Witness (F.R.E. 701); Lack of Personal Knowledge (F.R.E. 602); Lack of Foundation | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 53, lines 12–14: | Improper Opinion Testimony by Lay Witness (F.R.E. 701); Lack of Personal | _____ SUSTAINED<br><br>_____ OVERRULED |

**[PROPOSED] ORDER RE DEFENDANT'S EVIDENTIARY OBJECTIONS**

NYE, STIRLING, HALE, MILLER & SWEET
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

| Evidence: | Objection(s): | Ruling: |
|---|---|---|
| "OEOD released an unfair and unjust investigative report around my pediatric and Surgery exam time which impacted my ability to study and focus." | Knowledge (F.R.E. 602); Lack of Foundation | |
| Muthoka Decl., ¶ 54, pg. 13, lines 15–17:<br><br>"My reasonable accommodations request for surgery shelf exam in 2021was due to undue stress created by UCI's unfair OEOD investigation that aggravated my anxiety disorder." | Lack of Foundation; Improper Opinion Testimony by Lay Witness (F.R.E. 701, 702); Lack of Personal Knowledge (F.R.E. 602). | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 54, pg. 13, lines 17–18:<br><br>"My mental health provider provided letters to Ms. Henderson, but she denied my request." | Lack of foundation; hearsay. | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 54, pg. 13, lines 18–21:<br><br>"Ms. Henderson requested multiple letters from my mental health providers, which I provided, but she unlawfully denied me reasonable accommodation stating that my request would alter the school curriculum, but did not say how." | Lack of Foundation; Lack of Personal Knowledge (F.R.E. 602). | _____ SUSTAINED<br><br>_____ OVERRULED |

15

**[PROPOSED] ORDER RE DEFENDANT'S EVIDENTIARY OBJECTIONS**

NYE, STIRLING, HALE, MILLER & SWEET
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

| Evidence: | Objection(s): | Ruling: |
|---|---|---|
| Muthoka Decl., ¶ 54, pg. 13, lines 21–24:<br><br>"However, her supervisor, Ms. Karen Andrews, overturned that decision without additional documentation, but it was too late and my accommodation was provided at the last minute and the school demanded that I take my test last minute." | Lack of Foundation; Lack of Personal Knowledge (F.R.E. 602). | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 54, pg. 13, line 24–pg. 14, line 1:<br><br>"This unnecessary delay, denial, appeal and grant accommodation was the norm after I filed OEOD investigation." | Lack of Foundation; Improper Opinion Testimony by Lay Witness (F.R.E. 701, 702); Lack of Personal Knowledge, speculation (F.R.E. 602). | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 54, pg. 14, line 1:<br><br>"This impacted my preparation." | Lack of Foundation; Improper Opinion Testimony by Lay Witness (F.R.E. 701, 702); Lack of Personal Knowledge, speculation (F.R.E. 602). | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 55, lines 2–4:<br><br>"The P&H Committee had not accurately calculated Plaintiff's six year graduation time-lime despite multiple requests and this reminder was based on inaccurate information." | Lack of Foundation; Lack of Personal Knowledge, speculation (F.R.E. 602). | _____ SUSTAINED<br><br>_____ OVERRULED |

**[PROPOSED] ORDER RE DEFENDANT'S EVIDENTIARY OBJECTIONS**

NYE, STIRLING, HALE, MILLER & SWEET
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

| Evidence: | Objection(s): | Ruling: |
|---|---|---|
| Muthoka Decl., ¶ 56, lines 5–12:<br><br>"My six-year graduation timeline was inaccurately calculated-I was not seeking an MD degree alone, I was admitted to the MD, MBA program. MD, MBA program has a seven-year graduation time-line and I was in track for that time-line. Six-year graduation timeline became an issue because UCI rescinded my MBA acceptance. Even then, given the issues created by Dr. Toohey within DSC and NBME, issues created by Ms. Henderson and NBME, Covid-19 global pandemic, I had not exhausted six-year MD graduation period." | Lack of Foundation; Lack of Personal Knowledge, speculation (F.R.E. 602); Improper Opinion Testimony by Lay Witness (F.R.E. 701, 702). | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 57, lines 13–18:<br><br>"The extension was only granted after significant back and forth, another OEOD complaint in 2022 and a letter from my lawyer to have the date properly calculated. The belated approval forced me to take her USMLE step 2CK with only less than 3 weeks of dedicated study time instead of my previously more than 8 weeks on my schedule. This is based on the inaccurate | Lack of Foundation; Lack of Personal Knowledge, speculation (F.R.E. 602); Improper Opinion Testimony by Lay Witness (F.R.E. 701, 702) | _____ SUSTAINED<br><br>_____ OVERRULED |

**[PROPOSED] ORDER RE DEFENDANT'S EVIDENTIARY OBJECTIONS**

NYE, STIRLING, HALE, MILLER & SWEET
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

| Evidence: | Objection(s): | Ruling: |
|---|---|---|
| calculation the school had made at the time." | | |
| Muthoka Decl., ¶ 58, lines 19–21:<br><br>"I disagreed with the calculation and that I was put into a position of constantly having to catch up due to the initial and ongoing discrimination and then retaliation." | Lack of Foundation; Lack of Personal Knowledge, speculation (F.R.E. 602); Improper Opinion Testimony by Lay Witness (F.R.E. 701, 702). | _____ SUSTAINED<br><br>_____ OVERRULED |
| Muthoka Decl., ¶ 59, pg. 14, line 22–pg. 15, line 8:<br><br>"In April 2023, UCI acknowledged that I was qualified and had met the requirements of my MD degree after multiple back and forth emails since they had withheld my graduation status stating that I needed a P&H approval to graduate. Next, graduation was in May and I had less than 2 weeks to prepare for the graduation and have my family present. I requested the school to allow me to walk in 2024 since I did not have time to invite her family living abroad to the graduation ceremony. The school informed me that my graduation materials were ready for me in May 2023 and denied me the request. I was in shock to receive a yellow, | Contradicted by undisputed facts 76-78; hearsay; Lack of Foundation; Lack of Personal Knowledge, speculation (F.R.E. 602). | _____ SUSTAINED<br><br>_____ OVERRULED |

**[PROPOSED] ORDER RE DEFENDANT'S EVIDENTIARY OBJECTIONS**

| Evidence: | Objection(s): | Ruling: |
|---|---|---|
| handwritten graduation card while everyone else received a white professionally typed card. I was also given a 2022 graduation gown with the tassel switched to 2023 less than 30 minutes before the graduation ceremony began." | | |
| Muthoka Decl., ¶ 60, lines 10-13:<br><br>"The school sponsored Michael Lo Basso's trip to Kenya despite Kenya being listed on the State Department's list of travel advisory in 2019. Michael Lo Basso was a non-black, non Kenyan Male medical student and the team lead for the Kenya trip in 2019 which was my position in 2017." | Lack of Foundation; Lack of Personal Knowledge, speculation (F.R.E. 602). | _____ SUSTAINED<br><br>_____ OVERRULED |

**IT IS SO ORDERED.**

DATED: _____     By: _____

HON. FRED W. SLAUGHTER

**[PROPOSED] ORDER RE DEFENDANT'S EVIDENTIARY OBJECTIONS**