Jerry Girley, Esquire
Florida Bar No. 35771
The Girley Law Firm, PA
117 E. Marks Street, Suite A
Orlando, FL 32803
Tel: (407) 540-9866
Fax: (407) 540-9867
phyllis@thegirleylawfirm.com
*Admitted Pro Hac Vice*

Jay T. Jambeck (SBN 226018)
Mandy G. Leigh (SBN 225748)
Damien Troutman (SBN 286616)
LEIGH LAW GROUP, P.C.
582 Market St. #905
San Francisco, CA 94104
Tel:   415-399-9155
Fax:   415-795-3733
jjambeck@leighlawgroup.com

Tania L. Whiteleather (SBN 141227)
Law Offices of Tania L. Whiteleather
5445 Del Amo Blvd. #207
Lakewood, CA 90712
Tel:   562-866-8755
Fax:   562-866-6875
tlwhiteleather@juno.com

*Attorneys for Plaintiff,*
JACKLINE MUTHOKA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKLINE MUTHOKA,<br><br>Plaintiff,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Defendant. | Case No: 8:23-CV-01333 FWS (JDEX) Assigned to Hon. Judge Fred W. Slaughter<br><br>(Complaint filed on July 24, 2023)<br><br>**DECLARATION OF JAY T. JAMBECK IN SUPPORT OF *EX PARTE* APPLICATION** |

I, Jay T. Jambeck, declare as follows:

1. I am counsel for Plaintiff in the above-referenced matter and am in good standing with the California Bar with no record of discipline. I have personal knowledge of the facts set forth herein and if called upon to do so could testify as to their truth and accuracy.
2. On March 27, 2025, Plaintiff timely filed her opposition to Defendant's Motion for Summary Judgment. I had prepared a statement of disputed facts to file at that time. I kept a list of nine documents that were to be filed in opposition to the motion for summary judgment, of which the separate statement of disputed facts was one.
3. Given the size of the large files to be uploaded, I had to split the evidence into four appendices (rather than the anticipated three) due to variances in the ECF system's recognition of file size versus counsel's Adobe Acrobat. Therefore, an additional appendix was required that was not initially anticipated.
4. As a result of the addition of the final appendix, when I submitted the filing, the separate statement of disputed facts was overlooked because of the addition of the extra appendix. I checked the list of documents to be filed and erroneously marked the statement of disputed facts as being filed from the list due to the addition of the extra appendix. Having checked off nine documents, I believed that I had filed all the documents. However, with the addition of the fourth appendix, the total documents to be filed became 10. Amidst the frustration encountered with getting the files into sizes manageable by ECF, which included compressing certain

2
DECLARATION OF JAY. T. JAMBECK
(Case No. 8:23-CV-0133 FWS)

files and encountering significant variance with that process, I inadvertently checked off the statement of disputed facts as being filed.

5. The timing of Plaintiff's filings reflect the above: I filed a first set of filings for the opposition between 6:50 and 6:59 pm. [DEs 58-61] Plaintiff and I then worked on finalizing minor parts of her declaration which needed to be referenced in the separate statement. After completing that, I finalized the appendices and realized that an additional appendix would be necessary. I then filed Plaintiff's declaration along with the Appendices that it referred to from 8:05 to 8:21 pm. [DEs 62-66] After completing those associated filings, my checklist reflected that nine documents had been filed.

6. I clearly intended to file the statement of disputed facts at the time, as it is referenced in Plaintiff's opposition to the motion for summary judgment. Further, it is located on our firm's server and was saved to .pdf at 6:47 pm on March 27, 2025, the date the opposition and statement were due. A true and correct copy of a screenshot of the folder with the filename entitled "2025.3.27 Statement of Facts" showing the date and time of its creation is attached hereto as **Exhibit A**. The appendixes listed on the screenshot are the appendix cover pages not the voluminous exhibits that created the issue of multiple appendices.

7. In delivering the courtesy copy to the Court, I simply uploaded all filed documents to OneLegal and did not catch that the separate statement of disputed facts was not included.

8. Plaintiff files this as an *ex parte* application due to the pending motion for summary judgment due to be heard on April 24, 2025.

9. A true and correct copy of the statement of separate facts is attached hereto as **Exhibit B**. I have not altered the statement from the file that was created on March 27, 2025 at 6:47 pm in any way.

10. I only discovered that the separate statement had not been filed once Defendant filed a document on April 3, 2025 indicating no separate statement had been filed by Plaintiff.

11. On April 3, 2025, at 3:58 PM, I emailed counsel for the Defendant to meet and confer regarding the inadvertent failure to file the separate statement of disputed facts. I followed up with a telephone call at 4:07 pm and left a message with the receptionist for Defendant's counsel to call me. At 6:22 pm on April 3, 2025, I received a reply from counsel for Defendant who would not agree to a late filing of the Plaintiff's separate statement of disputed facts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: April 3, 2025

/s/ Jay T. Jambeck
_____
Jay T. Jambeck