**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01333-FWS-JDE                                    Date: May 30, 2025

Title: Jackline Muthoka v. Regents of The University of California

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [50, 51]**

In this case, Plaintiff Jackline Muthoka ("Plaintiff") brings claims against Defendant Regents of the University of California ("Defendant") related to alleged discrimination. (*See generally* Dkt. 33 ("Second Amended Complaint" or "SAC") ¶¶ 6-289.) Before the court is Defendant's Motion for Summary Judgment. (Dkts. 50-51 ("Motion" or "Mot.").) Plaintiff opposes the Motion. (Dkt. 58 ("Opposition" or "Opp.").) Defendant filed a reply in support of the Motion. (Dkts. 68, 77 ("Reply").) The parties' positions regarding undisputed facts are set forth in Defendant's Response to Statement of Genuine Disputes.[1] (Dkt. 79 ("SGD").) The court held a hearing on this matter on May 29, 2025. Based on the state of the record, as applied to the applicable law, the Motion is **GRANTED**.

**I.      Background**

---

[1] The court determines what constitutes an undisputed fact based on the underlying evidence, the parties' submitted statements of facts, and their responses and objections thereto. *See AFMS LLC v. United Parcel Serv. Co.*, 105 F. Supp. 3d 1061, 1071 (C.D. Cal. 2015) ("In deciding the motions for summary judgment, the [c]ourt examines the underlying evidence, not the summary statements or . . . compound paragraphs offered in the parties' statements of undisputed facts.") (citation omitted), aff'd 696 F. App'x 293 (9th Cir. 2017).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01333-FWS-JDE                                        Date: May 30, 2025

Title: Jackline Muthoka v. Regents of The University of California

     University of California, Irvine School of Medicine ("UCI SOM") admits 3.9% of applicants with a median MCAT score of 516, and a median undergraduate GPA of 3.89.  (SGD ¶ 1.)  UCI SOM has established educational objectives and requires students to achieve passing grades for all courses in the MD curriculum.  (*Id.* ¶¶ 2-3.)  UCI SOM also requires students to pass the United Stated Medical Licensing Exam ("USMLE") Step 1 and Step 2CK administered by the National Board of Medical Examiners ("NBME"), and the Clinical Performance Examination.  (*Id.* ¶¶ 4-5.)  Failure to pass USMLE Step 1 or Step 2CK precludes graduation without exception.  (*Id.* ¶ 6.)  "The maximum time for enrollment is six years or 21 quarters, excluding time spent on an approved leave of absence."  (Dkt. 65-7 Ex. T at 2.)[2]

     Students are considered in "good standing" if they have no unremediated course or clerkship failure, timely completed Step 1 and Step 2CK, and are not under any formal disciplinary review by the Committee for Promotions & Honors ("P&H").  (SGD ¶ 8.)  Students may be referred to P&H for several reasons, including, (1) two clerkship failures, (2) failure to pass Step 1 within one year of the student's last day of their second year, (3) failure to pass Step 2CK by the deadlines in the UCI SOM Exam Administration and Procedures Policy, and (4) two failed attempts at Step 1 or Step 2CK.  (*Id.* ¶ 9.)  All students receive these policies upon matriculation at UCI SOM and they are accessible on the school's website.  (*Id.* ¶ 10.)

     Plaintiff matriculated at UCI SOM in 2016.  (SGD ¶ 14.)  In February 2017, Plaintiff met with a UCI SOM wellness officer.  (*Id.* ¶ 15.)  Plaintiff requested the wellness officer send a "Verification of Mental Health Evaluation Form" to UCI's Disability Services Center ("DSC") for Plaintiff based on her test anxiety.  (Dkt. 54 (Declaration of Rosezetta Henderson, "Henderson Decl.") Ex. 1.)  On March 1, 2017, the DSC sent a letter to Dr. Julianne Toohey validating Plaintiff's disability and related need for accommodations.  (Henderson Decl. Ex. 2.)  After UCI SOM received the letter stating Plaintiff was eligible for accommodations, Plaintiff received time and a half on all examinations at the medical-school level.  (SGD ¶ 18.)

---

[2] All citations refer to CM/ECF pagination.

---

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:23-cv-01333-FWS-JDE                                      Date: May 30, 2025

Title: Jackline Muthoka v. Regents of The University of California

---

NBME administers, proctors and facilitates the USMLE step examinations. (*Id.* ¶ 21.) The NBME communicate with the student directly. (*Id.* ¶ 25.) According to the "Clinical Practice Exam (CPX) and USMLE Requirements" in the UCI SOM Handbook, "[a]ny special accommodations need to be requested directly from the NBME." (Dkt. 53 (Declaration of Alison M. Bernal, "Bernal Decl.") Ex. 3 at 36.) In the fall of 2017, Plaintiff applied for testing modifications for Step 1 of the USMLE which the NBME denied on January 2, 2018. (Bernal Decl. Ex. 2 ¶¶ 8-9.) In the spring of 2019 Plaintiff applied for modifications again for the USMLE Step 1 exam, which NBME denied. (*Id.* ¶¶ 11-13.)

Defendant states that NBME denied Plaintiff accommodations because experiencing anxiety during a high stakes test is not evidence of a disability or a substantial limitation in a major life activity. (SGD ¶ 27.) Plaintiff disputes in that "Dr. Toohey claimed she had extensive discussions with NBME about Plaintiff's language issues not being a disabling condition." (*Id.*) To support her dispute, Plaintiff relies on Dr. Toohey's email to Plaintiff stating that she spoke extensively to the NBME regarding any possible recourse for additional time for a language issue and received final word that it is not defined as an Americans Disability Act ("ADA") disability and therefore they cannot provide any assistance. (Dkt. 63-7 (Declaration of Jackline Muthoka, "Muthoka Decl.") Ex. G.)

On May 7, 2018, Plaintiff took the USMLE Step 1 exam for the first time and failed. (SGD ¶ 28.) Then, on July 12, 2018, Plaintiff took the surgery shelf examination and failed. (*Id.* ¶ 29.) From July 16, 2018, through November 4, 2018, Plaintiff was on administrative leave from UCI SOM because of her Step 1 failure, per school policy. (*Id.* ¶ 30.) On October 30, 2018, Plaintiff took the USMLE Step 1 examination for a second time and failed. (*Id.* ¶ 31.) From December 3, 2018, through December 6, 2020, Plaintiff was on administrative leave for her two Step 1 failures. (*Id.* ¶ 32.)

In December 2018, the UCI Housing Office communicated that Plaintiff could continue living in her UCI apartment with university-approved leave of absence but she must intend to return and enroll after her absence. (Bernal Decl. Ex. 6 at 5.) On January 25, 2019, UCI re-sent

---

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:23-cv-01333-FWS-JDE | Date: May 30, 2025 |
| Title: Jackline Muthoka v. Regents of The University of California | |

Plaintiff the Notice of USMLE Policies. (SGD ¶ 34.) UCI reiterated to Plaintiff that she needed to pass Step 1 by March 15, 2019, to avoid academic probation, or by March 15, 2020, to avoid dismissal. (*Id.* ¶ 35.)

Plaintiff did not take Step 1 by March 15, 2019. (*Id.* ¶ 36.) On March 21, 2019, UCI housing sent Plaintiff notice she needed to vacate her UCI housing by April 30, 2019. (*Id.* ¶ 37.) Dr. Toohey of UCI SOM sent a letter to the housing office in support of Plaintiff, requesting an extension of the housing deadline. (Bernal Decl. Ex. 9 at 6; Muthoka Decl. Ex. X.) The UCI housing office approved the extension to March 31, 2019. (SGD ¶ 39.)

In May 2019, Plaintiff appealed her denial of accommodations to the NBME, seeking 50% additional testing time, a separate room, and additional break time. (*Id.* ¶ 40.) The NBME provided Plaintiff with a separate room and additional break time, but did not agree to the additional testing time. (*Id.* ¶ 41.)

On July 12, 2019, UCI SOM notified Plaintiff that, because she had not retaken the surgery shelf exam within one year of the deadline, her grade would be changed from "incomplete" to "fail." (*Id.* ¶ 42; Bernal Decl. Ex. 5 at 4, 9, 54.) Again, on September 30, 2019, Plaintiff received a notice that she was in violation of the Grading Policy because she failed to resolve an incomplete grade for the Surgery Clerkship. (Bernal Decl. Ex. 5 at 1.) Plaintiff was further noticed that she was "in violation of the Student Academic and Professional Standing Policy, for failure to pass the USMLE Step 1 exam within one year of the last day of your second-year curriculum." (*Id.*) Also, Plaintiff was noticed that she needed to appear at a hearing before P&H. (*Id.*) While waiting for her P&H hearing date, Plaintiff requested an extension to complete her pediatric clerkship which the University granted. (SGD ¶ 44.) In addition, the DSC supported Plaintiff by helping her write an appeal of the NBME's denial of her accommodations in 2019. (*Id.* ¶ 45.)

Plaintiff's P&H hearing was held on March 9, 2020. (*Id.* ¶ 46.) Plaintiff was eligible for dismissal due to her failure to pass the USMLE Step 1 within two years. (*Id.* ¶ 47.) P&H offered Plaintiff an additional chance by placing her on academic probation, giving her a

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01333-FWS-JDE                                     Date: May 30, 2025

Title: Jackline Muthoka v. Regents of The University of California

___

deadline to take the USMLE Step 1 by May 3, 2020, granting an extension on her surgery shelf exam to March 9, 2021 (with a grade change from fail to incomplete), and a deadline to complete her pediatrics rotation by November 20, 2020.  (*Id.* ¶ 48.)

In June 2020, Plaintiff sued the NBME for disability discrimination.  (*Id.* ¶ 49.)  Plaintiff sought an injunction requiring the NBME to allow her 50% additional time on the Step 1 examination.  (*Id.* ¶ 50.)  The NBME resolved the lawsuit by allowing Plaintiff the additional testing time.  (*Id.* ¶ 51.)  Plaintiff took Step 1 on October 12, 2020, and passed on the third attempt.  (*Id.* ¶ 52.)  Shortly after, Plaintiff resumed her clerkships and completed her pediatrics clerkship on December 27, 2020.  (*Id.* ¶ 53.)  However, Plaintiff did not pass the pediatrics shelf examination, placing her back on administrative leave for two incomplete clerkships (surgery and pediatrics).  (*Id.* ¶ 54.)  Plaintiff was on administrative leave from January 26, 2021, through March 21, 2021.  (*Id.* ¶ 55.)  Plaintiff requested an extension to complete the pediatric and surgery clerkship, which the P&H approved through March 9, 2021.  (*Id.* ¶ 56.)  On March 4, 2021, Plaintiff requested a further extension, which the P&H approved through March 12, 2021, while also reminding Plaintiff of the six-year deadline for curriculum completion.  (*Id.* ¶ 57.)

On March 8, 2021, Plaintiff requested another extension on the surgery shelf exam.  (*Id.* ¶ 58.)  The P&H denied the request.  (*Id.* ¶ 59.)  Plaintiff did not take the surgery shelf exam by the deadline and took it instead on March 19, 2021.  (*Id.* ¶ 60.)  Plaintiff failed the surgery shelf a second time, resulting in a final failing grade in the surgery rotation.  (*Id.* ¶ 61.)  On March 30, 2021, Plaintiff requested an extension on her six-year graduation timeline.  (*Id.* ¶ 62.)  The P&H adjusted Plaintiff's six-year timeline due to the COVID-19 pandemic.  (*Id.* ¶ 63.)

On June 1, 2021, Plaintiff received notice she did not pass her internal medicine NBME shelf examination.  (*Id.* ¶ 64.)  On July 19, 2021, Plaintiff received notice she did not pass neurology NBME shelf examination, and that she was placed on administrative leave for two incomplete clerkships.  (*Id.* ¶ 65.)  Plaintiff retook both exams and passed the second time, with her administrative leave ending on September 27, 2021.  (*Id.* ¶ 66.)  On January 31, 2022, Plaintiff requested an extension through December 1, 2022, for her Step 2 examination.  (*Id.*

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01333-FWS-JDE   Date: May 30, 2025

Title: Jackline Muthoka v. Regents of The University of California

___

¶ 67.)  The P&H reminded Plaintiff of her modified 6-year deadline and stated that she had to complete her Step 2 by November 6, 2022.  (*Id.* ¶ 68.)

The P&H further provided Plaintiff a six-month extension to December 18, 2022.  (*Id.* ¶ 72.)  On October 13, 2022, Plaintiff responded to the P&H stating that the extension to her graduation should be seven months rather than three.  (Muthoka Decl. Ex. U at 17.)  In response, the P&H provided extended the deadline to January 18, 2023.  (SGD ¶ 74.)

Plaintiff took the Step 2CK examination on December 12, 2023, with the accommodations the NBME had to provide following Plaintiff's lawsuit, and she failed.  (*Id.* ¶ 75.)  On April 3, 2023, Plaintiff passed the Step 2CK exam on the second try.  (*Id.* ¶ 76.)  Because Plaintiff retook the Step 2CK exam so close in time to graduation, she found out after others in the graduating class that she was eligible to graduate.  (*Id.* ¶ 77.)  This resulted in Plaintiff having a handwritten graduation card versus other students, who had fulfilled the graduation requirements much earlier, having a typed graduation card.  (*Id.* ¶ 78.)  Plaintiff graduated from UCI SOM in June 2023.  (*Id.* ¶ 79.)

Plaintiff planned an international ultrasound trip to Kenya for the summer of 2017.  (*Id.* ¶ 82.)  UCI SOM notified Plaintiff that it could not sponsor the trip because Kenya was subject to a travel advisory issued by the United States Department of State.  (*Id.* ¶ 83.)  Prior to the U.S. State Department's change of the travel advisory system, UCI SOM never sponsored an international trip to a location with an active travel advisory because of safety and liability concerns.  (*Id.* ¶ 84.)

Plaintiff contends that UCI SOM's refusal to sponsor the Kenya trip constituted racial discrimination, as non-black students were allowed to take sponsored international trips.  (*Id.* ¶ 85.)  Plaintiff filed a complaint with UCI's Office of Equal Opportunity and Diversity ("OEOD") in May 2020.  (*Id.* ¶ 87.)  The OEOD complaint identified two racially discriminatory events: (1) UCI SOM not sponsoring Plaintiff's trip to Kenya in 2016-17 and (2) Dr. Toohey purportedly telling Plaintiff in April 2019 that she should go back to her country.  (*Id.* ¶ 88.)  The complaint also set forth national origin and disability discrimination

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:23-cv-01333-FWS-JDE | Date: May 30, 2025 |

Title: Jackline Muthoka v. Regents of The University of California

___

claims. (*Id.*) On January 27, 2021, OEOD issued a final report on the complaint. (Dkt. 79 ("Response to Plaintiff's Additional Disputes Facts") ¶ 51.)

On July 21, 2021, Plaintiff filed a complaint with the United States Department of Education, Office of Civil Rights ("OCR"). (*Id.* ¶ 54.) OCR dismissed the complaint as untimely on September 14, 2021. (*Id.* ¶ 55.) Plaintiff filed an appeal of OCR's dismissal of the complaint and has not yet received a decision. (*Id.* ¶ 56.) Defendant responds that the OEOD complaint and appeal filed with the OCR was not provided to UCI SOM, pointing to the appeal letter not copying Defendant. (*Id.*)

Plaintiff lists the following discrete incidents that Plaintiff alleges constituted racial discrimination. (SGD ¶ 90.) First, Dr. Toohey repeatedly told Plaintiff her natural hair was unprofessional and that it needs to be straightened. (*Id.*) Second, Defendant, through Dr. Toohey, denied funding for Plaintiff's trip to Kenya but supported a non-black student to research there. (*Id.*) Third, Dr. Toohey asked Plaintiff and Faith Njoku if they were planning ultrasound trips to Kenya and Nigeria because of their ancestry and excluded them from meetings based on their race and country of origin. (*Id.*) Fourth, Defendant brought a lawyer to Plaintiff's P&H hearing despite not doing so for non-black medical students' hearings if the students did not have lawyers present. (*Id.*) Fifth, Dr. Nguyen made racial comments during internal medicine rotations about an all-Asian team looking young because of their Asian genes. (*Id.*) Dr. Nguyen stated that "I am also Asian" during a patient encounter. (*Id.*) She tried to prove she is not racist because her sibling is married to a Kenyan. (*Id.*) She asked only Plaintiff to change her mask and to evaluate her in middle of the rotation. (*Id.*) Sixth, Plaintiff was severely punished for a minor grammatical error while her colleague was not punished for copying and pasting a patient's information into another patient's discharge summary. (*Id.*) Seventh, Plaintiff and Kelly Butler, the only other black woman, were refused an interview while two Asian students received an interview. (*Id.*) Eighth, Plaintiff received a handwritten yellow card during graduation as opposed to a professionally typed white card and a 2022 graduation gown as opposed to a 2023 gown which created a toxic environment. (*Id.*) Ninth, Plaintiff was told to go back to her country if it was difficult when she requested to keep her on-campus housing. (*Id.*)

___

| | |
|---|---|
| **CIVIL MINUTES – GENERAL** | 7 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01333-FWS-JDE                                   Date: May 30, 2025
Title: Jackline Muthoka v. Regents of The University of California

## II.     Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if it may affect the outcome of the case, and the "substantive law [] identif[ies] which facts are material." *Id.*  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

The moving party bears the initial burden of identifying the elements of the claim or defense on which summary judgment is sought and evidence that it believes demonstrates the absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the non-moving party will have the burden of proof at trial, the movant can satisfy its initial burden by demonstrating that there is an absence of evidence to support the non-moving party's case. *Id.* at 325; *see also Horphag Rsch. Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007) ("The moving party bears the initial burden to demonstrate the absence of any genuine issue of material fact.").

The non-moving party then "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (citation omitted); *see also Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001) (In opposing summary judgment, "the non-moving party must go beyond the pleadings and by its own evidence 'set forth specific facts showing that there is a genuine issue for trial'"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1389 (9th Cir. 1990) ("The non-moving party may not oppose summary judgment by allegations but must show specific trial-worthy facts.").  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).  "In judging evidence at the

___

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:23-cv-01333-FWS-JDE | Date: May 30, 2025 |

Title: Jackline Muthoka v. Regents of The University of California

___

summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). The court must draw all reasonable inferences in the non-moving party's favor. *In re Oracle Corp.*, 627 F.3d at 387 (citing *Anderson*, 477 U.S. at 255).

Nevertheless, "inferences are not drawn out of thin air, but from evidence." *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1247 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). "[M]ere disagreement or the bald assertion that a genuine issue of material fact exists" does not preclude summary judgment. *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989). "[S]ummary judgment will not lie if the dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248 (internal quotation marks omitted). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247-48; *see also United States v. Fred A. Arnold, Inc.*, 573 F.2d 605, 606 (9th Cir. 1978) ("A summary judgment cannot be granted if a genuine issue as to any material fact exists.").

In *In re Oracle Corp.*, the Ninth Circuit described the burdens of proof in the summary judgment process:

> The moving party initially bears the burden of proving the absence of a genuine issue of material fact. Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence. The non-moving party must do more than show there is some "metaphysical doubt" as to the material

___

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:23-cv-01333-FWS-JDE | Date: May 30, 2025 |
| Title: Jackline Muthoka v. Regents of The University of California | |

> facts at issue. In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor. In determining whether a jury could reasonably render a verdict in the non-moving party's favor, all justifiable inferences are to be drawn in its favor.

627 F.3d at 387 (citations omitted).

### III. Discussion

In the SAC, Plaintiff asserts claims against Defendant for (1) hostile work environment on the basis of her race and national origin under Title VI of the Civil Rights Act of 1964 ("Title VI claim"), (2) failure to provide reasonable accommodation on the basis of her disability under Title II of the ADA ("Title II claim"), (3) violation of Title V of the ADA under 42 U.S.C. § 12203 ("Title V claim"), and (4) violation of California Education Code § 66270. (SAC ¶¶ 66-331.) Defendant moves for summary judgment on each of these claims. (*See generally* Mot.) The court addresses the claims in turn.

#### A. Title VI Claim

Defendant argues that Plaintiff's Title VI claim is barred by the statute of limitations. (Mot. at 15-20.) "The statute of limitations for a Title VI action is the same as the statute of limitations for an action under 42 U.S.C. § 1983." *Randall v. United Network for Organ Sharing*, 720 F. Supp. 3d 864, 877 n.6 (C.D. Cal. 2024) (citing *Taylor v. Regents of Univ. of California*, 993 F.2d 710, 712 (9th Cir. 1993)). "The statute of limitations for a Section 1983 claim "is the personal injury statute of limitations of the state in which the cause of action arose."" *Id.* (quoting *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011)). "The statute of limitations for personal injury actions in California is two years." *Id.* (citing Cal. Civ. Proc. Code § 335.1). The parties do not dispute that the statute of limitation period for Plaintiff's Title VI claim is two years, or that Plaintiff's claim relies on discriminatory acts outside the two-year period. (Mot. at 16; Opp. at 11.) Accordingly, the

___

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:23-cv-01333-FWS-JDE | Date: May 30, 2025 |

Title: Jackline Muthoka v. Regents of The University of California

___

court considers whether, as Plaintiff argues, the statute of limitations was tolled under (1) a continuing violation theory, (2) equitable tolling, or (3) Emergency Rule 9.  (Opp. at 9-20.)

      **1.**      **Continuing Violation**

      Defendant argues that Plaintiff cannot demonstrate a continuing violation because Plaintiff only alleged one act of racial discrimination within the limitations period.  (Mot. at 17-18.)  Plaintiff argues that she experienced ongoing racial discrimination, pointing to events between 2017 to 2019.  (Opp. at 18-19.)

      The Ninth Circuit has "recognized two applications of the continuing violations doctrine: first, to 'a series of related acts, one or more of which falls within the limitations period,' and second, to 'the maintenance of a discriminatory system both before and during [the limitations] period.'"  *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 746 (9th Cir. 2019).  "However, discrete discriminatory acts will not create a pattern of discrimination without more; pattern-or-practice claims cannot be based on 'sporadic discriminatory acts' but rather must be based on 'discriminatory conduct that is widespread.'"  *The Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 701 (9th Cir. 2009); *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (stating that the "related acts" continuing violation theory allows a plaintiff to seek relief for events outside of the limitations period if a series of violations are related closely enough to constitute a continuing violation and that one or more of the acts falls within the limitations period).

      The court finds that Plaintiff fails to establish her continuing violation theory.  Plaintiff's Title VI claim relies on a series of racial discriminatory acts to which Defendant allegedly subjected her.  (SAC ¶¶ 290-302.)  However, the alleged discrimination spans over seven years, across different individuals, and Plaintiff fails to provide evidence that these actions are related to one another.  *See Bird*, 935 F.3d at 746.  As a result, Plaintiff's allegations of "sporadic discriminatory acts" fail to demonstrate a pattern or practice of discrimination by Defendant.  *City of Modesto*, 583 F.3d at 701.  Moreover, Plaintiff's only allegation of racial discrimination within the limitations period is that she received a 2022 gown and a yellow card at graduation.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:23-cv-01333-FWS-JDE | Date: May 30, 2025 |

Title: Jackline Muthoka v. Regents of The University of California

___

(Mot. at 17.)  However, the evidence shows that this is at worst a discrete, discriminatory act that is not widespread throughout UCI SOM.  *Cherosky v. Henderson*, 330 F.3d 1243, 1247 (9th Cir. 2003) ("These individualized decisions are best characterized as discrete acts, rather than as a pattern or practice of discrimination.").  Accordingly, the court concludes that Plaintiff fails to demonstrate her continuing violation theory.

      **2.**     **Equitable Tolling**

     Defendant argues that Plaintiff cannot demonstrate the elements for equitable tolling.  (Mot. at 19-20.)  Plaintiff argues that she adequately demonstrated equitable tolling.  (Opp. at 18-19.)

     Courts apply the forum state's laws regarding equitable tolling.  *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).  "Under California law, equitable tolling 'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'"  *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1204 (9th Cir. 2014) (citing *Addison v. State*, 146 Cal. Rptr. 224 (1978)).  The plaintiff "must establish timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff."  *Id.* (citing *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 84 Cal. Rptr. 3d 734 (2008)) (internal quotation marks omitted); *Salazar v. Regents of Univ. of California*, 2017 WL 4586831, at *8 (N.D. Cal. Apr. 27, 2017) (citing *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983)) ("Equitable tolling applies where there is (1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim.").  "The party invoking equitable tolling bears the burden of proving its applicability."  *Sukyas v. Romania*, 2020 WL 6822494, at *6 (C.D. Cal. Nov. 12, 2020) (citing *Long v. Forty Niners Football Co.*, 33 Cal. App. 5th 550, 555 (2019)).

     First, Defendant argues that Plaintiff failed to timely notice Defendant because Plaintiff's OEOD complaint was filed in May 2020 and identified two events, the 2017 Kenya ultrasound

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01333-FWS-JDE       Date: May 30, 2025
Title: Jackline Muthoka v. Regents of The University of California

___

trip and the April 2019 statement related to Plaintiff going back to her country. (Mot. at 19.) The court agrees with Defendant. "'The timely notice requirement essentially means that the first claim must have been filed within the statutory period,' and that 'the filing of the first claim must alert the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim.'" *Honchariw v. Cnty. of Stanislaus*, 530 F. Supp. 3d 939, 950 (E.D. Cal. 2021) (quoting *McDonald*, 84 Cal. Rptr. 3d at 743 n.2). Here, Plaintiff's OEOD complaint includes an event occurring in 2017, (SGD ¶ 90), which is more than two years before Plaintiff filed the OEOD complaint. Because Plaintiff's OEOD complaint was not filed within two years of the 2017 event, the court finds that Plaintiff fails to demonstrate timely notice of her Title VI claim to the extent it relies on the 2017 event. *See Honchariw*, 530 F. Supp. 3d at 950.

Next, Defendant argues that Plaintiff cannot demonstrate lack of prejudice to Defendant because the OEOD complaint only includes two discriminatory events. (Mot. at 20.) Plaintiff argues that the OEOD complaint was substantially similar to the claims raised in the present action. (Opp. at 15.) To satisfy the second requirement for equitable tolling, "'the facts of the two claims [should] be identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second.'" *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1138 (9th Cir. 2001) (quoting *Collier*, 142 Cal. App. 3d at 925). "They need not be absolutely identical: So long as the two claims are based on essentially the same set of facts timely investigation of the first claim should put the defendant in position to appropriately defend the second." *Id.* (quoting *Collier*, 142 Cal. App. 3d at 925-26). The court finds that Plaintiff fails to establish Defendant will not be prejudiced from defending this action. As Defendant points out, the OEOD complaint only alleges two discriminatory events whereas Plaintiff is asserting other incidents of discrimination in this action. (*See generally* SGD ¶ 90.) Furthermore, several of the incidents in this case occurred after Plaintiff filed the OEOD complaint which could not have "put [Defendant] in a position to fairly defend" the new allegations. *Daviton*, 241 F.3d at 1138. In addition, Defendant suffers prejudice in gathering evidence to defend against the new allegations because Dr. Toohey has passed away. *Salazar*, 2017 WL 4586831, at *8. Accordingly, the court finds that Plaintiff fails to demonstrate lack of prejudice to Defendant.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-01333-FWS-JDE   Date: May 30, 2025
Title: Jackline Muthoka v. Regents of The University of California

___

Finally, Defendant argues that Plaintiff fails to demonstrate good faith and reasonable conduct because Plaintiff waited two years and eight months after the OEOD issued its finding to file her lawsuit. (Mot. at 20.) Plaintiff argues that there is no evidence that she exhibited anything other than good faith in pursuing her claims. (Opp. at 17.) The court finds Plaintiff's assertion insufficient to demonstrate good faith and reasonable conduct because it is her burden to show that the late filing was reasonable. *See Salazar*, 2017 WL 4586831, at *8; *see also Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 9 Cal. 5th 710, 729 (2020) ("A party seeking equitable tolling must satisfy a similar standard: It must demonstrate that its late filing was objectively reasonable under the circumstances.").

Because the court finds that Plaintiff fails to demonstrate timely notice, lack of prejudice, and good faith and reasonable conduct, the court concludes that Plaintiff fails to establish equitable tolling. *See Kleinhammer v. City of Paso Robles*, 2009 WL 10700300, at *7 (C.D. Cal. Feb. 12, 2009) (concluding that equitable tolling was inapplicable at summary judgment because the undisputed facts demonstrated that plaintiff could not satisfy the elements of equitable tolling).

### 3. Emergency Rule 9

Plaintiff argues that Emergency Rule 9 tolls the statute of limitations which makes her claims timely. (Opp. at 12, 14.) Defendant argues that Emergency Rule 9 is inapplicable in this case. (Reply at 9-10.)

"The California Judicial Council adopted the Emergency Rules on April 6, 2020, in light of the COVID-19 pandemic. In particular, Emergency Rule 9 tolled the statute of limitations on the commencement of civil causes of action brought in California courts. Statutes of limitations exceeding 180 days were tolled between April 6, 2020, and October 1, 2020." *Shubin v. Universal Vacation Club*, 622 F. Supp. 3d 849, 852-53 (C.D. Cal. 2022) (citing Cal. Rules of Court, Emergency Rule 9).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01333-FWS-JDE                                                         Date: May 30, 2025
Title: Jackline Muthoka v. Regents of The University of California

The court finds that Emergency Rule 9 is inapplicable in this case. First, the court is "unaware of any binding authority regarding the applicability of Emergency Rule 9 tolling on claims brought in federal court." *Fink v. Ohannessian*, 2023 WL 4680782, at *7 (C.D. Cal. Apr. 27, 2023). In the absence of guidance from the Ninth Circuit, the court finds that California's Emergency Rule 9 does not extend the statute of limitations for federal question claims where Plaintiff fails to demonstrate how COVID-19 delayed filing the instant suit and even filed a separate discrimination suit in June 2020. (SGD ¶ 49); *see Lansdown v. Bayview Loan Servicing, LLC*, 2022 WL 4227245, at *5 (N.D. Cal. Sept. 13, 2022) ("The Court joins other courts in California in finding Emergency Rule 9 does not extend the statute of limitations on federal claims."); *Fink*, 2023 WL 4680782, at *7 ("California district courts appear to have reached a consensus that such tolling does not apply to federal law claims brought in federal court."); *Goerss v. Pac. Gas & Elec. Co.*, 2021 WL 4932134, at *6 (N.D. Cal. Oct. 18, 2021) ("For example, [Plaintiff] cannot rely on the California-issued emergency rule referenced above to get relief because she is not in state court."); *Shubin*, 622 F. Supp. 3d at 853 ("Because Emergency Rule 9 was promulgated in response to difficulties resulting from the COVID-19 pandemic, courts determining the application of Emergency Rule 9 have considered whether a plaintiff faced any extraordinary circumstances due to COVID-19 that prevented the timely filing of their lawsuit."). Even if Emergency Rule 9 was applicable, the discriminatory acts occurring before Rule 9 was implemented would not be saved by Rule 9's tolling. (*See* SGD ¶ 90.) Accordingly, the court finds that Emergency Rule 9 is inapplicable in this case.

In summary, Plaintiff fails to demonstrate a genuine issue of material fact as to whether the statute of limitations for Plaintiff's Title VI claim could be tolled. Accordingly, Plaintiff's Title VI claim is barred by the statute of limitations and therefore the court **GRANTS** the Motion as to the Title VI claim.

  B.  Title II and Title V Claims

Defendant argues (1) that Plaintiff lacks standing to assert the Title II and Title V claims and (2) that the Title II claim is moot. (Mot. at 22-25.)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01333-FWS-JDE    Date: May 30, 2025
Title: Jackline Muthoka v. Regents of The University of California
___

    **1.    Standing**

    Plaintiff seeks compensatory damages on her Title II and Title V claims. (*See* SAC ¶¶ 303-326.) Defendant argues that Plaintiff lacks standing to assert the Title II and Title V claims because damages are not available under the ADA. (Mot. at 22-23.) Plaintiff responds that damages are available under the ADA. (Opp. at 27-28.) For Plaintiff's Title II claim, she may recover monetary damages but she must prove intentional discrimination by Defendant. *Frick v. Chief Exec. Off.*, 2025 WL 618047, at *2 (C.D. Cal. Feb. 10, 2025) ("To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant." (quoting *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001))). However, the Ninth Circuit has held that punitive and compensatory damages are not available for ADA retaliation claims. *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1270 (9th Cir. 2009). Because Plaintiff is asserting a Title V retaliation claim under 42 U.S.C. § 12203, Plaintiff can only seek equitable relief. *See Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 863 (9th Cir. 2017) (stating that claims "brought under § 12203" . . . are "redressable only by equitable relief"); *Reed v. Fox*, 2023 WL 6930802, at *9 (E.D. Cal. Oct. 19, 2023) ("Defendants are correct that damages are . . . not [available] for retaliation alleged under § 12203."); *Do v. Arizona State Univ.*, 2025 WL 871015, at *5 (D. Ariz. Mar. 20, 2025) ("With respect to Plaintiff's claim of retaliation or interference under Title V of the ADA, such claims are 'redressable only by equitable relief' for which 'no jury trial is available.'"); *Israelitt v. Enter. Servs. LLC*, 78 F.4th 647, 658 (4th Cir. 2023) (stating "ADA-retaliation plaintiffs are entitled to equitable remedies"). Accordingly, Plaintiff's Title V claim for compensatory damages fails as a matter of law and therefore the court **GRANTS** the Motion on Plaintiff's Title V claim.

    **2.    Whether Title II Claim is Moot**

    Defendant argues that Plaintiff's Title II claim is moot because Plaintiff cannot demonstrate intentional discrimination to recover monetary damages. (Mot. at 23-25.) Plaintiff argues that she demonstrated genuine issues of material fact as to intentional disability discrimination by Defendant. (Opp. at 29-33.)

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:23-cv-01333-FWS-JDE | Date: May 30, 2025 |
| Title: Jackline Muthoka v. Regents of The University of California | |

Plaintiff must prove intentional discrimination by Defendant to recover monetary damages under Title II of the ADA. *Duvall*, 260 F.3d at 1138. "To prove that discrimination was intentional, the plaintiff must show that defendants acted with 'deliberate indifference.'" *Frick*, 2025 WL 618047, at *2 (quoting *Duvall*, 260 F.3d at 1139). "Deliberate indifference requires 'both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood.'" *Id.* (quoting *Updike v. Multnomah Cty.*, 870 F.3d 939, 950-51 (9th Cir. 2017)). "To establish 'knowledge that a harm to a federally protected right is substantially likely,' 'a plaintiff must first show that the [defendant] was on notice of the need for an accommodation.'" *Doe One v. CVS Pharmacy, Inc.*, 2024 WL 1707229, at *7 (N.D. Cal. Apr. 18, 2024) (quoting *Csutoras v. Paradise High Sch.*, 12 F.4th 960, 969 (9th Cir. 2021)). The parties do not dispute that Defendant was on notice of the need for an accommodation. (*See generally* Mot., Opp.)

Plaintiff argues Dr. Toohey's false representation that she contacted the NBME and that the NBME denied Plaintiff's accommodation request demonstrates a genuine issue of material fact as to intentional discrimination. (Opp. at 29-30; Muthoka Decl. ¶¶ 7, 16.) Plaintiff points to Dr. Toohey's email stating that she "spoke[] extensively to the NBME regarding any possible recourse for additional time due to a language issue" and "received their final word that because this is not a defined ADA disability, they are unable to provide any assistance." (Muthoka Decl. Ex. G.) The declaration of Erin Convery, the director of NBME's disability group, states that NBME has a general practice of making records of any telephonic and written communications that NBME has with or regarding USMLE candidates, and to maintain a reliable record of such communications. (Dkt. 61 (Erin Convery Declaration) ¶ 4.) Further, Convery declares that the NBME would have records of any communications regarding Plaintiff. (*Id.* ¶ 5.) After diligent search and review, NBME found no record of communications memorializing a telephonic communication between NBME and anyone working at UCI SOM related to any request by Plaintiff for accommodations on any USMLE exam. (*Id.* ¶ 6.)

The court finds Plaintiff fails to establish a genuine issue of material fact that Dr. Toohey intentionally discriminated against Plaintiff. *See Anderson*, 477 U.S. at 248 (stating "summary

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:23-cv-01333-FWS-JDE | Date: May 30, 2025 |
| Title: Jackline Muthoka v. Regents of The University of California | |

judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). Plaintiff relies on Dr. Toohey's email and Convery's declaration to demonstrate intentional disability discrimination under Title II of the ADA. (Opp. at 29-31.) However, the email and declaration do not show a genuine issue of material fact as to whether Dr. Toohey fabricated a conversation with the NBME concerning Plaintiff. Dr. Toohey's email only demonstrates that she inquired about an accommodation for language issues and does not reference any inquiry concerning Plaintiff. Based off Dr. Toohey's email, there is no reason NBME would have a record of Dr. Toohey's communication about the language issue because she inquired about accommodations for language issues in general, not as to Plaintiff in particular. Accordingly, the court finds that Plaintiff fails to establish a genuine issue of material fact that Dr. Toohey intentionally discriminated against Plaintiff. *See Updike*, 870 F.3d at 951 ("A public entity may be liable for damages under Title II of the ADA or § 504 of the Rehabilitation Act if it intentionally or with deliberate indifference fails to provide meaningful access or reasonable accommodation to disabled persons.") (citation and quotation marks omitted).

Even if Plaintiff could recover compensatory damages for her Title V claim, the court would find that Plaintiff fails to establish a genuine issue of material fact that Defendant engaged in intentional disability discrimination. In support of her Title V claim, Plaintiff states that Dr. Wiechmann sent Plaintiff an intimidating email on the day Plaintiff was taking her USMLE Step 2CK test. (Opp. at 31-33; Muthoka Decl. Ex. S.) The email advises Plaintiff of an investigation on whether Plaintiff violated UCI SOM policies by failing to complete her USMLE Step 2CK examination by the deadline the P&H set. (Muthoka Decl. Ex. S.) Plaintiff fails to show how the email demonstrates intentional disability discrimination or relates to deliberate indifference to create a genuine issue of material fact, and the court finds that no reasonable jury could conclude based on that email and the record as a whole that Defendant intentionally discriminated against Plaintiff based on her disability. *See Anderson*, 477 U.S. at 248 (stating "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

___

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:23-cv-01333-FWS-JDE | Date: May 30, 2025 |
| Title: Jackline Muthoka v. Regents of The University of California | |

In summary, Plaintiff's Title V claim for compensatory damages fails as a matter of law and Plaintiff fails to demonstrate a genuine issue of material fact as to Defendant intentionally discriminating against Plaintiff under Title II. Accordingly, the court **GRANTS** the Motion as to Plaintiff's Title II and Title V claims.

### C. Violation of California Education Code § 66270

Defendant argues that Plaintiff's claim for violation of California Education Code § 66270 is subject to the two-year statute of limitations. (Mot. at 25.) The court agrees. California has a two-year statute of limitations for personal injury claims. Cal. Civ. P. Code § 335.1. Courts apply the two-year statute of limitations to claims for violation of California Education Code § 66270. *Doe 1 v. Univ. of San Francisco*, 685 F. Supp. 3d 882, 895-96 (N.D. Cal. 2023) (applying the two-year statute of limitations to a claim for violation of California Education Code § 66270). For the reasons stated above, (*see supra* Section III.A), the court finds that the statute of limitations bars Plaintiff's claim for violation of California Education Code § 66270.

Even if Plaintiff's claim for violation of California Education Code § 66270 was timely, the court would find that Plaintiff fails to demonstrate a genuine issue of material fact as to her § 66270 claim. Defendant argues that the alleged conduct within the limitations period fails to demonstrate a § 66270 claim. (Mot. at 25.) Plaintiff argues that there is a genuine issue of material fact as to her § 66270 claim based off the analysis of her Title VI and II claims. (Opp. at 34-35.) However, as discussed above, Plaintiff fails to establish that her Title VI and Title II claims create a genuine issue of material fact. (*See supra* Section III.A, III.B); *see also In re Oracle Corp.*, 627 F.3d at 387 ("In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor"). Furthermore, Plaintiff fails to cite adequate authority supporting the proposition that the analysis for Title VI and Title II claims apply to her § 66270 claim. (*See generally* Opp.) Assuming *arguendo* that Plaintiff could rely on her Title VI and Title II claims to support her § 66270 claim, the court would find that her § 66270 claim fails because her Title VI and Title

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:23-cv-01333-FWS-JDE                              Date: May 30, 2025
Title: Jackline Muthoka v. Regents of The University of California

II claims fail.  Accordingly, the court **GRANTS** the Motion as to Plaintiff's claim for violation of California Education Code § 66270.

### IV.    Disposition

For the reasons stated above, the Motion is **GRANTED**.  The court will enter judgment consistent with this Order.