Jonathan D. Miller (SBN 220848)
jonathan@nshmlaw.com
Alison M. Bernal (SBN 264629)
alison@nshmlaw.com
NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 West Mission Street, Suite 201
Santa Barbara, California  93101
Telephone: (805) 963-2345
Facsimile: (805) 284-9590

Attorney for Defendant, REGENTS OF THE
UNIVERSITY OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| JACKLINE MUTHOKA,<br><br>　　　Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>　　　Defendant. | CASE NO.:  8:23-cv-01333-FWS-JDE<br>*Assigned to the Hon. Fred W. Slaughter*<br><br>**DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S NOTICE OF MOTION AND MOTION FOR REASONABLE LITIGATION EXPENSES PURSUANT TO 42 U.S.C. § 12205; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Filed concurrently with Appendix of Exhibits; [Proposed] Order*]<br><br>Hearing Date: August 28, 2025<br>Time: 10:00 a.m.<br>Courtroom: 10D<br><br>Complaint Filed: July 24, 2023<br>SAC Filed: January 22, 2024<br><br>Trial Date: September 23, 2025<br>Judgment Entered:  May 30, 2025 |

NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

1

**DEFENDANT'S MOTION FOR REASONABLE LITIGATION EXPENSES
PURSUANT TO 42 U.S.C. § 12205**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on **August 28, 2025**, at **10:00 am** in the Courtroom of the Honorable Fred W. Slaughter, United States District Judge for the Central District of California, located at Santa Ana Courthouse, 411 West 4th Street, Santa Ana, California 92701, Defendant The Regents of the University of California, by and through the undersigned counsel, respectfully moves this Court for approval of litigation expenses and costs pursuant to 42 U.S.C. § 12205 as follows:

- Litigation expenses and non-taxable costs in the amount of $41,041.99, (plus any amount of costs entered by the Clerk in response to Dkt. 84); and

- Post-judgment interest, at rate of 4.13% until all items above are paid.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on June 20, 2025. *See* Declaration of Alison M. Bernal ¶¶ 21.

This motion is based on this Notice of Motion and Motion, the accompanying memorandum of points and authorities, the Declaration of Alison M. Bernal in support of the request for fees (including the exhibits), the argument of counsel, all papers and records on file in this case, and such other matters as the Court may consider.

Dated: June 27, 2025

Respectfully submitted,

NYE, STIRLING, HALE & MILLER, LLP

By:  /s/ Alison M. Bernal
        Jonathan D. Miller, Esq.
        Alison M. Bernal, Esq.
        Attorneys for Defendant, THE
        REGENTS OF THE UNIVERSITY OF
        CALIFORNIA

NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

2

**DEFENDANT'S MOTION FOR REASONABLE LITIGATION EXPENSES PURSUANT TO 42 U.S.C. § 12205**

NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

## TABLE OF CONTENTS

I.      Introduction ...............................................................................................1

II.     Relevant Factual and Procedural Background ....................................2

III.    Legal Standards .......................................................................................4

IV.     This Court Should Exercise its Discretion to Award Defendant Recovery of Reasonable Litigation Expenses and Costs....................................5

        A.    Defendant is the Prevailing Party............................................5

        B.    Plaintiff's Claims Were Unreasonable or Without Foundation.............6

        C.    A Prevailing Defendant in an ADA Case May Be Awarded Costs without a Finding the Action was Frivolous, Unreasonable, or Without Foundation. ....................8

        D.    The Litigation Expenses and Costs Requested by Defendant Are Recoverable and Reasonable. .........................8

        E.    Defendant is Entitled to Post-Judgment Interest...................10

V.      Conclusion...............................................................................................10

i

**DEFENDANT'S MOTION FOR REASONABLE LITIGATION EXPENSES PURSUANT TO 42 U.S.C. § 12205**

# TABLE OF AUTHORITIES

**Cases**

*Amedee Geothermal Venture I v. Lassen Mun. Utility Dist.*, 8 F.Supp.3d 1211 (E.D. Cal. 2014)......................................................................................4

*Brown v. Lucky Stores, Inc.*, 246 F.3d 1182 (9th Cir. 2001)........................................4

*Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412 (1978)......................................................................................5, 6

*Finkelstein v. Bergna*, 804 F. Supp. 1235, (N.D. Cal. 1992) ......................................10

*Garcia v. Gateway Hotel L.P.*, 82 F.4th 750 (9th Cir. 2023)...................................4, 8

*Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346 (S.D. Fla. 2006)................9

*Lovell v. Chandler*, 303 F.3d 1039 (9th Cir. 2002) ......................................................9

*Marx v. General Revenue Corp.*, 568 U.S. 371 (2013) ................................................4

*Meola v. JKJ Invs. Inc.*, 2011 WL 1638163 (C.D. Cal. Apr. 28, 2011)....................10

*Save Our Valley v. Sound Transit*, 335 F.3d 932 (9th Cir. 2003) ...............................4

*Summers v. Teichert & Son, Inc.*, 127 F.3d 1150 (9th Cir. 1997)...............................5

*Sutter v. Shriners Hospitals for Children*, 2023 WL 6785834 (D. Or. Oct. 12, 2023)......................................................................................8

*Vaughn v. Parkwest Med. Cntr.*, 2019 WL 13298887 (E.D. Tenn. Feb. 15, 2019)......................................................................................9

*Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152 (9th Cir. 2018) ..............................5

**Statutes**

28 U.S.C. § 1961................................................................................................10

42 U.S.C. § 12101 *et seq*. ................................................................................1

42 U.S.C. § 12205................................................................................1, 4, 5

**Rules**

Fed. R. Civ. P. 54................................................................................4, 5

NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

**DEFENDANT'S MOTION FOR REASONABLE LITIGATION EXPENSES PURSUANT TO 42 U.S.C. § 12205**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

After almost two years of active litigation, on May 30, 2025, this Court granted Defendant The Regents of the University of California's ("Defendant" or "The Regents") Motion for Summary judgment in its entirety and entered judgment in favor of Defendant and against Plaintiff Jackline Muthoka.  Dkt. 81 (Order Granting Defendant's Motion for Summary Judgment ("Order")), 82 (Judgment).  The Court's judgment came after the parties engaged in extensive discovery (including multiple fact and expert depositions), and multiple attempts by The Regents to resolve Plaintiff's lawsuit—including an unsuccessful mediation and a rejected Rule 68 offer. As the undisputed prevailing party in this lawsuit involving claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"), The Regents requests an award of litigant expenses and costs pursuant to the ADA's fee recovery statute.  *See* 42 U.S.C. § 12101 *et seq*. Importantly, while this statute allows The Regents to recover its attorneys' fees, The Regents is not seeking to collect those against Plaintiff. Rather, by this motion, the Regents seeks to recover its out-of-pocket litigation expenses that were reasonably and necessarily incurred to defend this action.

The ADA's fee recovery statute provides, "In any action . . . commenced pursuant to this chapter, the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . . ."  42 U.S.C. § 12205.  The Regents incurred significant attorneys' fees, litigation expenses, and costs in successfully defending this lawsuit. The Regents attempted to resolve this issue without seeking Court intervention, but was unsuccessful.  Accordingly, The Regents now seeks recovery of certain litigation expenses and costs in the amount of $41,041.99, but is not pursuing the recovery of attorney's fees (or litigation expenses and costs incurred by The Regents' prior counsel). This requested award of litigation expenses and costs is modest in light of the substantial attorneys fees The Regents

1

**DEFENDANT'S MOTION FOR REASONABLE LITIGATION EXPENSES PURSUANT TO 42 U.S.C. § 12205**

NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

incurred throughout nearly two years of litigation, totaling several hundred thousands of dollars.

## II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Jackline Muthoka attended UC Irvine ("UCI") School of Medicine ("SOM") from 2016 through 2023.  Plaintiff encountered multiple academic issues and initially failed numerous examinations required to receive her Medical Doctor degree.  Plaintiff sought a variety of accommodations from UCI SOM and other sources for her claimed disability.  Ultimately, she was able to get all the accommodations necessary, including increased time to graduate, and was able to graduate and match with a family medicine practice.

Nevertheless, Plaintiff filed suit on July 24, 2023 and subsequently filed the operative Second Amended Complaint on January 22, 2024, alleging four causes of action against The Regents:

1. Hostile Environment Based on Race/National Origin — Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d *et. seq.*)

2. Failure to Provide Reasonable Accommodation Based Upon Disability — Title II of the ADA (42 U.S.C. § 12132 *et seq.*)

3. Retaliation —Title V of the ADA (42 U.S.C. § 12203)

4. Violation of Section 66270 of the California Education Code.

*See* Dkt. 33. Throughout this lawsuit, the parties exchanged discovery requests and responses, initial disclosures, produced documents, and conducted several fact and expert depositions.  The document production in particular was especially tedious, given Plaintiff's extraordinarily long tenure at UCI SOM and the number of accommodations and processes Plaintiff went through while at UCI SOM. Plaintiff's voluminous document requests required The Regents to retain an e-discovery vendor, collect, review, and redact over 40,000 documents, and incurred significant costs in doing so.  *See* Bernal Decl. ¶ 5.

NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

2

**DEFENDANT'S MOTION FOR REASONABLE LITIGATION EXPENSES PURSUANT TO 42 U.S.C. § 12205**

NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

Defendant engaged in numerous attempts to resolve the dispute as facts from discovery confirmed significant legal and factual deficiencies in Plaintiff's claims. The parties appeared before former appellate justice Steven Stone for mediation on February 13, 2025, and previously stipulated to extensions of expert discovery deadlines to avoid incurring expert fees in the event the matter was resolved through mediation. *See* Dkt. 48 at ¶ 7. Unfortunately, the mediation was unsuccessful.

On February 20, 2025, Defendant served Plaintiff with a Federal Rule of Civil Procedure 68 Offer of Judgment in favor Plaintiff and against Defendant in the amount of $250,000. The offer expired without acceptance by Plaintiff. Bernal Decl., ¶ 10.

Accordingly, the case proceeded to expert discovery. Defendant took the depositions of Plaintiff's residency expert, Dr. Matthew Hallman, and economist, Dr. Charles Mahla.

On March 6, 2025, The Regents filed a Motion for Summary Judgment, or in the alternative, partial summary judgment. Dkt. 50. The Court heard the Motion on May 29, 2025. The following day, on May 30, 2025, this Court entered an order granting The Regents' Motion for Summary Judgment and a Judgment in favor of The Regents and against Plaintiff, with Plaintiff recovering nothing. *See* Dkts. 81–82.

On June 13, 2025, The Regents filed an Application to the Clerk to Tax Costs, with a Bill of Costs totaling $25,673.92. *See* Dkt. 84. In an effort to resolve the matter and avoid The Regents incurring any additional attorney's fees, litigation expenses, and costs, the parties entered into a stipulation on June 13, 2025, requesting the court grant The Regents an extension of time to file a potential motion under 42 U.S.C. § 12205. *See* Dkt. 83. As set forth in the stipulation, granted by this Court on June 13, 2025 (Dkt. 85), the parties request the extension to allow Defendant to compile additional records of costs and allow the parties additional time to confer regarding

3

**DEFENDANT'S MOTION FOR REASONABLE LITIGATION EXPENSES
PURSUANT TO 42 U.S.C. § 12205**

NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

the anticipated fees and costs motion.  Dkt. 83 at ¶ 7.  Unfortunately, the case did not resolve, necessitating this motion.  *See* Bernal Decl. ¶ 14.  On June 27, 2025, Plaintiff filed a Notice of Appeal, appealing this Court's Judgment and Order on The Regents' Motion for Summary Judgment.  *See* Dkt. 86.

## III.  **LEGAL STANDARDS**

The ADA permits the court, in its discretion, to award the prevailing party "a reasonable attorney's fee, including litigation expenses, and costs."  42 U.S.C. § 12205.  Federal Rule of Civil Procedure 54(d)(1) "governs the award of costs to a prevailing ADA defendant, and such costs may be awarded in the district court's discretion" and "*without a finding that the action was frivolous, unreasonable, or without foundation*."  *Garcia v. Gateway Hotel L.P.*, 82 F.4th 750, 752, 761 (9th Cir. 2023) (overruling *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182 (9th Cir. 2001) to the extent that it allows an award of costs to ADA defendants only on a finding that the action was frivolous, unreasonable, or without foundation) (emphasis added).  "Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to cost."  *Marx v. General Revenue Corp.*, 568 U.S. 371, 376–77 (2013); *see* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—*should* be allowed to the prevailing party.") (emphasis added).  Under the presumption in favor of awarding costs to a prevailing party, "the burden is on the losing party to 'show why costs should not be awarded.'"  *Amedee Geothermal Venture I v. Lassen Mun. Utility Dist.*, 8 F.Supp.3d 1211, 1214 (E.D. Cal. 2014) (quoting *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003)); *Save Our Valley*, 335 F.3d at 945 ("[A] district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award.").

**DEFENDANT'S MOTION FOR REASONABLE LITIGATION EXPENSES
PURSUANT TO 42 U.S.C. § 12205**

Similarly, Rule 54(d)(2) provides a mechanism for awarding attorney's fees and related nontaxable expenses when authorized by "statute, rule, or other grounds," Fed. R. Civ. P. 54(d)(2)(B)(ii), as the ADA does here, *see* 42 U.S.C. § 12205. A defendant who prevails in an ADA case may recover fees, litigation expenses, and costs from a plaintiff if plaintiff's claims are found to be "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 422 (1978); *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997) (applying the Christiansburg standard to a prevailing defendant's request for attorney fees under the ADA). "[M]eritless' is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case, and that the term 'vexatious' in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him." *Christiansburg*, 434 U.S. at 421; *see also id.* at 422–23 ("And, needless to say, if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense.").

## IV.    THIS COURT SHOULD EXERCISE ITS DISCRETION TO AWARD DEFENDANT RECOVERY OF REASONABLE LITIGATION EXPENSES AND COSTS.

### A.    Defendant is the Prevailing Party

The Court entered judgment in favor of Defendant and against Plaintiff on May 30, 2025, with Plaintiff "tak[ing] nothing on her claims against Defendant in this case." Dkt. 82. Accordingly, Defendant "is indisputably the 'prevailing party,' because [Defendant] has secured an enforceable judgment on the merits." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018) (citation modified).

/ / /

/ / /

NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

5

**DEFENDANT'S MOTION FOR REASONABLE LITIGATION EXPENSES PURSUANT TO 42 U.S.C. § 12205**

**B.      Plaintiff's Claims Were Unreasonable or Without Foundation.**

All of Plaintiff's claims were adjudicated on Motion for Summary Judgment in The Regents' favor. Although a plaintiff's failure to prevail alone does not support a conclusion that a case is meritless, *see Christiansburg*, 434 U.S. at 22, here, Plaintiff continued to litigate her claims despite it being clear early on that Plaintiff's claims lacking foundation.

There was no dispute that Plaintiff's Title VI claim and California Education Code § 66270 claims were subject to a two-year statute of limitations or that Plaintiff's claim relied on alleged discriminatory acts that fell far outside of the two-year period. *See* Order at 10, 19; Mot. at 16, 25; Opp. at 11. Plaintiff's alternative tolling theories were similarly foreclosed by the undisputed facts as Plaintiff's only basis for a continuing violations theory was premised on a single act within the limitations period in which Plaintiff received a 2022 graduation gown and yellow card, *see* Order at 11, but such acts had no connection to the alleged discrimination as the undisputed facts demonstrated that Plaintiff only qualified for graduation after a belated passage of the Step 2 CK exam and for no other reason. *See* Dkt. 68 (Reply at 11). As to equitable tolling, Plaintiff's OEOD complaint was not filed within two years of the 2017 event which failed to give timely notice of her claim, which was evident from before this lawsuit was filed and prejudicial to The Regents without a showing of good faith and reasonable conduct in delay. *See* Order at 13–14. Finally, Plaintiff's reliance on Emergency Rule 9 was plainly inapplicable. *See id.* at 14–15.

Plaintiff's Title V claim for compensatory damages failed as a matter of law and the law is clear that damages are simply unavailable on such claims. *See* Order at 15. Despite this principle being clear throughout this lawsuit, Plaintiff nevertheless continued to pursue her claim.

Plaintiff's Title II claim against The Regents required a showing of intentional discrimination in order to recover monetary damages, which requires a showing that

Nye, Stirling, Hale, Miller & Sweet, LLP
33 West Mission Street, Suite 201
Santa Barbara, California 93101

6

**DEFENDANT'S MOTION FOR REASONABLE LITIGATION EXPENSES PURSUANT TO 42 U.S.C. § 12205**

NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

the defendant acted with deliberate indifference. *See* Order at 17. Throughout this lawsuit and during discovery, there was no dispute that The Regents provided Plaintiff with extensive accommodations at every interval, and the case law is clear that where an institution provides the accommodations, there is no ADA violation. *See* Dkt. 51 (Motion for Summary Judgment at § II.B). From the time UCI's Disability Services Center informed UCI SOM that Plaintiff was eligible to receive accommodations, Plaintiff received testing accommodations on *all* examinations administered by UCI SOM. *Id.* (citing Defendant's Fact 18). UCI SOM's accommodations and efforts to support Plaintiff extended beyond this, including granting Plaintiff numerous extensions of time to complete required examinations and assisting her with an appeal to the NBME regarding the NBME's denial of her accommodations. *Id.* Furthermore, UCI's Privilege & Honors Committee granted Plaintiff an exception to the six-year graduation requirement. *Id.* Plaintiff's only attempts to establish otherwise relied on unsupported assertions that Dr. Toohey fabricated a conversation with the NBME regarding Plaintiff, which, even if true, are immaterial because UCI SOM undisputedly does not control the NBME's grant or denial of accommodations, as Plaintiff well knew since she had already sued the NBME. *See* Order at 18.

These facts became clear to the parties early on in this litigation and raised by The Regents at every opportunity to resolve the dispute and avoid further litigation. Despite these deficiencies, Plaintiff refused to entertain The Regents eminently reasonable settlement attempts during mediation and in its Rule 68 offer. Plaintiff's insistence on continuing to litigate the case all the way through summary judgment, and now appeal, justifies a finding that Plaintiff's claims were unreasonable and without foundation sufficient to support an award of reasonable litigation expenses to The Regents.

/ / /

/ / /

7

**DEFENDANT'S MOTION FOR REASONABLE LITIGATION EXPENSES PURSUANT TO 42 U.S.C. § 12205**

**C.      A Prevailing Defendant in an ADA Case May Be Awarded Costs without a Finding the Action was Frivolous, Unreasonable, or Without Foundation.**

Unlike requests for attorneys fees, "a prevailing ADA defendant may be awarded its costs at the district court's discretion and *without a finding that the action was frivolous, unreasonable, or without foundation.*" *Garcia*, 82 F.4th at 761 (emphasis added); *Sutter v. Shriners Hospitals for Children*, 2023 WL 6785834, at *4 (D. Or. Oct. 12, 2023) (awarding defendant costs in ADA suit after *Garcia*). Accordingly, this Court can and should exercise discretion to award The Regents the costs it incurred in successfully defending itself against Plaintiff's lawsuit.

**D.      The Litigation Expenses and Costs Requested by Defendant Are Recoverable and Reasonable.**

Here The Regents incurred $41,041.99 in litigation expenses, as described and supported with evidence in the accompanying Declaration of Alison M. Bernal. *See* Bernal Decl. ¶¶ 17-18.  The total costs and expenses are reasonable given that this case proceeded beyond the motion to dismiss stage, a document-intense discovery period, and resulted in a judgment approximately six months before the start of trial. Plaintiff's rejection of the Rule 68 offer following an unsuccessful mediation necessitated The Regents' incurring of additional litigation expenses and costs.

*Expert Witness Fees* ($20,675.00).  Prior to mediation, the parties stipulated to an extension of the deadline to complete expert discovery until after the scheduled mediation, specifically in an attempt to avoid the parties from incurring expert witness fees. *See* Dkt. 48 ¶ 7.  In an attempt to resolve this matter in mediation and afterward, The Regents made reasonable settlement offers to Plaintiff in a good faith attempt to resolve Plaintiff's deficient claims amicably.  The Regents was forced to retain experts at significant cost when the case did not resolve.  These experts included an economist to address Plaintiff's damages claims, a disability accommodations expert,

**DEFENDANT'S MOTION FOR REASONABLE LITIGATION EXPENSES PURSUANT TO 42 U.S.C. § 12205**

NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

and a medical residency expert, all of which were necessary to prepare for trial and respond to Plaintiff's claims, and particularly Plaintiff's ADA claims. *See* Bernal Decl. ¶ 7.

The ADA's authorization of an award of attorneys' fees, litigation expenses, and costs to a prevailing party includes expert witness fees as litigation expenses, as the Ninth Circuit has expressly held. *See Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002) (affirming district court's award of expert witness fees to prevailing party in ADA suit pursuant to 42 U.S.C. § 12205, noting legislative intent, the common meaning of "litigation expenses" and the Attorney General's regulation provide ample evidence that expert witness fees are included in the statute).

*Mediation Fees* ($17,000.00). As noted above, the parties participated in mediation on February 13, 2025. Bernal Decl. ¶ 9. "Although mediation fees are not compensable under [28 U.S.C.] § 1920, they are compensable litigation expenses under the ADA." *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1355 (S.D. Fla. 2006); *Vaughn v. Parkwest Med. Cntr.*, 2019 WL 13298887, at *17 (E.D. Tenn. Feb. 15, 2019) (awarding $2,011.40 for mediation costs as a litigation expense).

*e-Discovery Costs* ($9,366.99). The extensive discovery required for this case involved the collection, review, and storage of approximately 40,000 documents. Bernal Decl. ¶ 5. The Regents produced approximately 28,000 pages. To manage this extensive collection and production, The Regents retained an e-discovery vendor to host the files and coordinate the review and production of the documents, incurring approximately $9,366.99 in costs. This expense was reasonable and necessary, as counsel for The Regents made clear during meet and confer efforts with Plaintiff's counsel, the coordination and collection of documents required counsel to work with dozen of individuals employed by defendant. *See, e.g.*, Dkt. 44 ¶ 5. Due to the nature of this case and records being produced, nearly every document contained at least

9

**DEFENDANT'S MOTION FOR REASONABLE LITIGATION EXPENSES PURSUANT TO 42 U.S.C. § 12205**

NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

some portion of material protected by third party students' privacy rights under FERPA and required extensive redactions. *Id.*

Separately, The Regents emphasizes that all of the above-requested litigation expenses and costs incurred in this lawsuit include only those from the undersigned counsel for The Regents, Nye, Stirling, Hale, Miller, & Sweet, LLP ("NSHMS"). NSHMS first made an appearance on May 29, 2024, *see* Dkt. 40, 41, after The Regents engaged NSHMS. The costs incurred by The Regents' prior counsel for work before May 29, 2024, is not included in this request, nor does The Regents seek the recovery of attorney's fees aside from litigation expenses.

### E.    Defendant is Entitled to Post-Judgment Interest

Pursuant to 28 U.S.C. § 1961(a), The Regents is entitled to post-judgment interest on judgments "from the date of the entry of judgment." 28 U.S.C. § 1961(a) (post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court."). The statute applies to awards of attorneys' fees and costs under the ADA. *See, e.g.*, *Meola v. JKJ Invs. Inc.*, 2011 WL 1638163, at *3 (C.D. Cal. Apr. 28, 2011) (awarding post-judgment interest in ADA case). Interest runs from the date that entitlement to fees is secured, rather than from the date that the exact quantity of fees is set. *Finkelstein v. Bergna*, 804 F. Supp. 1235, 1239-40 (N.D. Cal. 1992).

The Court entered judgment here on May 30, 2025. Dkt. 82. The weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment was 4.13% (May 23, 2025). *See* https://www.federalreserve.gov/releases/H15/default.htm.

### V.    CONCLUSION

For the reasons discussed above, The Regents respectfully requests that the Court enter an order awarding the following: (1) litigation expenses and non-taxable

10

costs in the amount of $41,041.99, less the amount of costs entered by the Clerk in response to Dkt. 84; and (2) post-judgment interest, at rate of 4.13% until all items above are paid.

Dated: June 27, 2025                    Respectfully submitted,

                                        NYE, STIRLING, HALE & MILLER, LLP

                                        By:  /s/ Alison M. Bernal
                                             Jonathan D. Miller, Esq.
                                             Alison M. Bernal, Esq.
                                             Attorneys for Defendant, THE
                                             REGENTS OF THE UNIVERSITY OF
                                             CALIFORNIA

NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

11

**DEFENDANT'S MOTION FOR REASONABLE LITIGATION EXPENSES PURSUANT TO 42 U.S.C. § 12205**